HINCKLEY *v.* MORTON.

Where the appellee has a color of right to the dismissal of an appeal, he may unite with a motion therefor one to affirm the decree.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Southern District of Illinois, with which is united a motion to affirm.

*Mr. R. Biddle Roberts* in support of the motions.
*Mr. Leonard Swett* and *Mr. Philip Phillips, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Our jurisdiction of this case is clear. The appeal is not from the decree entered on our mandate at the last term in *Hinckley* v. *Railroad Company*, 100 U. S. 153. On the contrary, that decree has been satisfied by an actual payment of the amount found due. The case does not, therefore, come within the rule laid down in *Stewart* v. *Salamon* (97 id. 361), where we held that an appeal would not be entertained from a decree rendered by the court below in accordance with our mandate on a previous appeal. The record now presented shows that after our decision at the last term, in which, among other things, Hinckley, the appellant, was allowed $10,000 for his services as receiver from the time of his appointment in the Kelly suit, he went into the State court and had that suit reinstated. He then applied to that court to fix his compensation as receiver. That was done, and resulted in an allowance to him of something more than $24,000. As soon as that order in his favor was made, he filed an intervening petition in the Circuit Court, asking that the amount so allowed him might be paid out of the fund in the Circuit Court belonging to the Morton suit. This

was refused, and from the order to that effect, which was a final decree on the intervening petition, this appeal was taken. Second appeals have always been allowed to bring up proceedings subsequent to the mandate and not settled by the terms of the mandate itself.   *Supervisors* v. *Kennicott*, 94 id. 498; *Tyler* v. *Magwire*, 17 Wall. 253.   This case comes clearly within that rule, and the motion to dismiss is, therefore, denied.

But we think the motion to affirm should be granted.   The question of compensation to the receiver, so far as the fund in the Circuit Court is concerned, was settled on the former appeal.   The allowance then made was for the entire services of the receiver from the date of his original appointment in the Kelly suit.   The value of the services was made, by the exceptions to the master's report, a matter of special inquiry, and the result is indicated in the judgment which was then given. If the State court has funds in its hands out of which its judgment can be paid, it has full power to order the payment, but the liability of the fund in the Circuit Court to the receiver has already been fully discharged.   The court below was right, therefore, in refusing the prayer of the appellant in his intervening petition, and its order to that effect is

*Affirmed.*


A petition for a rehearing having been filed, MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Rule 6, par. 4, as amended Nov. 4, 1878, 97 U. S. vii, provides that there may be united with a motion to dismiss a writ of error or appeal, a motion to affirm, on the ground that, although the record may show that this court has jurisdiction, it is manifest the appeal or writ of error was taken for delay only, or that the question on which the jurisdiction depends is so frivolous as not to need further argument.   This is a modification of the rule as originally promulgated May 8, 1876, 91 U. S. vii, when it was confined to motions to dismiss writs of error to a State court.   In *Whitney* v. *Cook* (99 U. S. 607), we held that to justify a motion to affirm under this rule there must be a motion to dismiss and at least some color of right to a dismissal.

In *Stewart* v. *Salamon* (97 U. S. 361), we decided that if an

appeal was taken from a decree entered on our mandate upon a previous appeal, we would, on the application of the appellee, examine the decree entered, and if it conformed to the mandate, dismiss the case, with costs. The motion to dismiss in this case was apparently based upon that ruling. It seemed to us, when it was up for hearing, to have been made in good faith; and while we did not think it ought to be sustained, we could not say it was without any color of right. For that reason we felt at liberty to look into the motion to affirm.

The record in this case showed that Hinckley was appointed receiver in the Kelly suit Nov. 24, 1879, and that his receivership ended by his turning over the property to the trustees of the mortgage on the 12th of August, 1875. The record of the former appeal, to which we think we may with propriety look, as the order now appealed from was made upon a petition of intervention filed in that cause, shows that in the settlement of accounts then made Hinckley was paid for his services during the whole period of his receivership, that is to say, from the date of his appointment in the Kelly suit until his final discharge.

We are still of the opinion that the case is a proper one for the application of our rule in respect to motions to affirm, and, therefore, the petition for a rehearing is

*Denied.*