## WHITTEMORE v. AMOSKEAG NATIONAL BANK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW HAMPSHIRE.

No. 219. Argued and submitted March 20, 1890.—Decided March 31, 1890.

In an action against a national bank in a Circuit Court of the United States, if all the parties are citizens of the district in which the bank is situated, and the action does not come under section 5209 or section 5239 of the Revised Statutes, the Circuit Court has no jurisdiction; and, if it has taken jurisdiction and dismissed the bill upon another ground, its decree will be reversed and the cause remanded with a direction to dismiss the bill for want of jurisdiction.

THE case is stated in the opinion.

*Mr. H. G. Wood* for appellant.

*Mr. Thomas L. Livermore*, with whom was *Mr. Frederick P. Fish* on the brief, for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

David C. Whittemore, of Manchester, in the District of New Hampshire, in his own behalf and in behalf of such stockholders of the Amoskeag National Bank, a corporation duly established under the laws of the United States, and having its principal place of business at said Manchester, as might join therein, brought his bill of complaint, May 9, 1885, against the Amoskeag National Bank, Moody Currier, George B. Chandler, David B. Varney, John B. Varick, Henry Chandler, John S. Kidder, Edson Hill, and Reed P. Silver, all of Manchester, in said district, six of them directors, one of them the cashier, and the other a former director, of said bank, alleging in substance that complainant was the owner of five shares of the capital stock of the bank; that in 1875, a firm styled Dunn, Harris & Co. was adjudicated bankrupt by the United States District Court for said District of New Hampshire, and an assignee appointed, being indebted at the time to the bank in the sum of one thousand dollars, and one of the members of the firm, Cyrus Dunn, being indebted to the bank in the sum of five thousand dollars; that the firm offered a composition of fifteen per cent to their creditors, and Cyrus Dunn offered a composition of twenty per cent to his creditors; that the bank, by a vote of its directors, constituted one of their number its agent in the bankruptcy proceedings, and he entered into an agreement with Cyrus Dunn that, in consideration that the bank should furnish him with money sufficient to carry out the compromise, he would pay the agent of the bank a sum equal to the sum due to the bank; that in pursuance of this agreement, the bank advanced from its funds a large sum without security, in doing which the directors and officers violated their duties and obligations to the bank's stockholders, and their acts were in violation of the charter of the bank and the laws of the United States; that the sum advanced was used in purchasing claims against Cyrus Dunn; that the compromise was confirmed, and the property of Cyrus Dunn conveyed by the assignee to the agent of the bank, and by him

to the bank; that afterwards the composition was set aside and the assignee brougl t suit against the bank to recover the property, which was deoided by the District Court in favor of the assignee; that in 1876, a note was given to the bank, signed by two of its directors and Cyrus Dunn of the insolvent firm, for the money advanced by said bank in excess of what was received from the assignee, and this note was included as part of the assets of the bank; and that the bank has made no attempt to collect the note, and has expended large sums of money in defence of its illegal acts; and complainant prays that the respondents, the directors of the bank, may be decreed to pay to the bank whatever it may have lost by reason of this illegal conduct; and that a receiver may be appointed to collect said note, and for such other relief as may be just, etc. The bill was demurred to by the respondents, and the demurrer sustained upon the ground that the plaintiff could not maintain his bill because of his failure to bring himself within equity rule 94; and thereupon a decree was entered dismissing the bill with costs, and an appeal was prayed to this court.

All the parties were citizens of the District of New Hampshire, and the bank was located therein; and in our judgment the Circuit Court for that district had no jurisdiction. A motion to dismiss the appeal on this ground has heretofore been made, but was overruled, as this court undoubtedly has appellate jurisdiction to determine whether the Circuit Court had original jurisdiction.

Prior to July 12, 1882, suits might be brought by or against national banks in the Circuit Courts of the United States in the district where the banks were located, but by the act of that date it was provided that "the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States, which do or might do banking business where such national banking associations may be

doing business when such suits may be begun." 22 Stat. 162, 163, c. 290, sec. 4.

But counsel for complainant claims that the Circuit Court had jurisdiction under §§ 5209 and 5239 of the Revised Statutes. Section 5209 prescribes punishment for the embezzlement, abstraction, or wilful misapplication of any of the moneys, funds, or credits of a national banking association, by any president, director, cashier, teller, clerk, or agent thereof, and for other acts done without authority of the directors with intent to defraud the bank; and section 5239 provides for a suit by the Comptroller of the Currency to forfeit the franchises of national banks for the intentional violation by their directors, or the intentional permission by them of such violation by any of the officers, agents, or servants of the association, of any of the provisions of the title of the Revised Statutes relating to national banks. This bill obviously cannot be retained by reason of anything contained in those sections.

*As the Circuit Court had no jurisdiction, but dismissed the bill upon another ground, we reverse its decree, with a direction to dismiss the bill for want of jurisdiction.*