## NASHUA & L. R. CORP. *v.* BOSTON & L. R. CORP.

*(Circuit Court of Appeals, First Circuit.* September 6, 1892.)

### No. 25.

**1. APPEAL—DECISION—LAW OF THE CASE.**
Where the supreme court decides that the circuit court has jurisdiction of a cause, and remands the same for the taking of an account, the circuit court of appeals cannot, on a subsequent appeal, reopen the question of jurisdiction.

**2. SAME—DISMISSAL—JURISDICTION OF TRIAL COURT.**
That the circuit court had no jurisdiction of a cause is no ground for dismissing an appeal for want of jurisdiction in the appellate court; the proper remedy is a reversal of the judgment.

**3. SAME—DECISION—SUBSEQUENT APPEAL—CIRCUIT COURT OF APPEALS.**
Where the supreme court, after affirming the jurisdiction of the circuit court, remands the cause, and directs the taking of an account, but without in any way passing upon the amount to be found due, the final decree of the circuit court, ascertaining such amount, is in no sense a mere execution of the judgment and mandate of the supreme court so that the same can be reviewed by *mandamus.* The proper method of review is by a new appeal; and where the new decree is rendered after July 1, 1891, and the cause does not fall within any of the provisions of section 5 of the act of March 3, 1891, such appeal must be to the circuit court of appeals.

**4. SAME—MOTIONS TO DISMISS.**
After an appellee has filed one motion to dismiss the appeal, he has no right to file a second without leave of the court; and such leave should not be granted on formal grounds only.

**5. SAME—DEFECTIVE TRANSCRIPT—DISMISSAL.**
The fact that the transcript shows that certain portions of the record were omitted by directions of appellant's attorney is not necessarily a ground for dismissing the appeal, for the appellee may suggest a diminution of the record, and ask for a *certiorari.*

In Equity. Bill by the Nashua & Lowell Railroad Corporation against the Boston & Lowell Railroad Corporation for an accounting. Decree for complainant for $29,676.41, and interest amounting to $3,363.32. Complainant appeals from the part of the decree relating to interest. Motion to dismiss the appeal denied.

*Francis A. Brooks,* for appellant.

*Josiah H. Benton, Jr.,* for appellee.

Before GRAY, Circuit Justice, PUTNAM, Circuit Judge, and WEBB, District Judge.

GRAY, Circuit Justice. This was a suit in equity, brought in the circuit court for the district of Massachusetts, by a corporation established by the laws of New Hampshire and also by the laws of Massachusetts, against a corporation established by the laws of Massachusetts, upon a contract in writing concerning the business of the two roads. The circuit court held that it had jurisdiction of the suit, but, at a hearing upon pleadings and proofs, entered a final decree dismissing the bill. The plaintiff appealed to the supreme court of the United States, which held that the circuit court had jurisdiction of the case, and that the plaintiff was entitled to an accounting by the defendant for so much of the net earnings of the joint management of the two roads as had been appropriated to the payment to the defendant of sums expended by it in the purchase of stock in two other railroad corporations,

and to a decree for the payment of the sum found due to the plaintiff upon such accounting. 136 U. S. 356, 10 Sup. Ct. Rep. 1004. The supreme court, therefore, on May 19, 1890, adjudged that the decree of the circuit court be reversed, with costs, and that the cause be remanded for further proceedings in conformity with its opinion, and sent down a mandate accordingly.

The transcript of record before us contains copies of the pleadings, and the decree dismissing the bill; the appeal therefrom to the supreme court, the opinion of that court, (omitting, however, so much thereof as related to the jurisdiction of the circuit court,) and the mandate; an order of the circuit court held by NELSON, J., on July 21, 1891, referring the case to a master to state the account in accordance with the opinion and the mandate of the supreme court; exceptions by both parties to the master's report, a motion by the defendant to recommit the report to the master, and an opinion of COLT, J., filed March 16, 1892, denying the motion and overruling the exceptions, (49 Fed. Rep. 774;) a final decree on April 9, 1892, adjudging that the plaintiff recover, as its share of the net earnings appropriated as aforesaid, the sum of $29,676.41, and interest on that sum from May 19, 1890, to the date of the decree, amounting to $3,363.32, and costs, and that the plaintiff was not entitled to recover any further sum; the plaintiff's appeal from so much of that decree as determined that the plaintiff was entitled to recover only $3,363.32 for interest on the sum found due; and a corresponding assignment of errors. The clerk of the circuit court has certified that the transcript is a true copy of the record, except certain portions omitted by direction of the plaintiff's counsel.

On May 31, 1892, the defendant moved to dismiss the appeal, upon these two grounds: (1) That the plaintiff was a citizen of the state of Massachusetts, of which the defendant also was a citizen, and therefore the circuit court had no jurisdiction of the case, and this court had no jurisdiction of the appeal. (2) That the decree appealed from was made in obedience to and performance of the mandate of the supreme court. After notice to the plaintiff, this motion to dismiss was set down to be heard on June 30th. At the hearing, the defendant filed another motion to dismiss the appeal, assigning, as additional grounds, that the appeal was not from the decree of the circuit court, but from a part only of that decree, and that the transcript transmitted to this court was a copy of but a part of the record below.

The first ground assigned for the original motion to dismiss is untenable, for two reasons: *First.* The question of the jurisdiction of the circuit court has been heard and determined by the supreme court, and cannot be reopened in this case. *Clark* v. *Keith*, 106 U. S. 464, 1 Sup. Ct. Rep. 568. *Second.* If the question of the jurisdiction of the circuit court were still open to dispute, it would be a question to be decided on appeal; and if the circuit court had no jurisdiction, that would be no ground for dismissing the appeal for want of jurisdiction in this court, but would require a reversal of the judgment below for want of jurisdiction in the court which rendered it. *Canter* v. *Insurance Co.*, 2 Pet. 554;

*Assessors* v. *Osbornes*, 9 Wall. 567, 575; *Railway Co.* v. *Swan*, 111 U. S. 379, 4 Sup. Ct. Rep. 510; *Whittemore* v. *Bank*, 134 U. S. 527, 10 Sup. Ct. Rep. 592.

The second ground of the original motion is equally untenable. The supreme court, after deciding that the circuit court had jurisdiction, and that the decree of that court dismissing the bill must be reversed because the plaintiff was entitled to an account, and to payment of the sum thereupon found to be due, remanded the case to the circuit court for further proceedings. The supreme court in no way passed upon the amount to be found due, either principal or interest, but left that to be determined in the court below, as in the ordinary case of granting a new trial. The last decree of the circuit court did not touch any matter adjudged by the supreme court or covered by its mandate, and was in no sense a mere execution or performance of the judgment and mandate of the supreme court. It could not, therefore, be reviewed by writ of *mandamus* from that court, but only by a new appeal. *Hinckley* v. *Morton*, 103 U. S. 764. The decree now in question having been rendered since July 1, 1891, when the act of March 3, 1891, c. 517, took full effect, and not coming within the special provisions of section 5 of that act, but falling under the general provision of section 6, the present appeal is rightly taken to this court. 26 St. 827, 828, 1115; *McLish* v. *Roff*, 141 U. S. 661, 12 Sup. Ct. Rep. 118; *Bank* v. *Peters*, 144 U. S. 570, 12 Sup. Ct. Rep. 767.

After one motion to dismiss had been filed and set down for hearing, the appellee had no right to file a second motion to dismiss, without leave of the court; and such leave should not be granted upon formal grounds only. If the appeal is wholly insufficient to sustain the jurisdiction of this court, the court may, of its own motion, take notice of the insufficiency at the hearing on the merits. If the transcript of record is imperfect, the appellee might have suggested a diminution of the record, and asked for a *certiorari*. It would doubtless have been more regular for the appellant to file in this court a complete transcript, if not of the whole record of the circuit court, yet of so much thereof, at least, as set forth the entire opinion and mandate of the supreme court, and all the subsequent proceedings in the court below. But the imperfections of the transcript in this respect were not made a ground of the original motion to dismiss; nor does the supplemental motion point out what, if any, of the omitted parts are material. The whole opinion of the supreme court is published in the official reports, and there is no controversy as to its scope. A copy of an opinion of COLT, J., filed February 24, 1891,[1] (omitted in the transcript,) proceeding upon the same ground

---

[1] The opinion referred to was as follows: "In view of the nature of the contract between the plaintiff and defendant corporations, and of the decision of the supreme court upon appeal, and of the rules of law governing the allowance of interest, I think it would be inequitable to permit the plaintiff to recover interest upon the basis claimed. I am of opinion, therefore, that the plaintiff is entitled to a decree for $26,124, with interest from the date of the mandate; and a decree may be drawn accordingly. The supreme court having already settled the question of jurisdiction, I think the defendant's motion raising the same question improper, and I shall therefore direct that this motion be withdrawn from the files of the court."

as his opinion after the return of the master's report, has been supplied by the appellant by direction of this court; and the appeal is from so much of the final decree as the appellant complains of. Under these circumstances, both motions to dismiss the appeal must be denied.