## EX PARTE MANSFIELD.

PLEADING; AMENDMENT; APPEAL; JUDGMENT ON MANDATE; MANDAMUS.

1. To strike out the entire substance of a declaration, which does not present a case within the jurisdiction of the court, and to insert a different cause of action, though relating to the same subject-matter, is not properly an amendment, but is in effect a new action, and is not allowable.
2. Where on appeal a judgment has been reversed on the ground that the trial court was without jurisdiction because of the amount in controversy, and the cause remanded in order to allow the plaintiff to enter a nonsuit, or upon failure to do so, directing the trial court to dispose of the case in a manner not inconsistent with the opinion of the appellate court, the trial court can not properly allow an amendment of the declaration so as to set up a different cause of action than that set up in the original declaration, although relating to the same subject-matter.
3. If the trial court mistakes or misconstrues a decree of this court, and does not give full effect to the mandate, its action may be controlled either upon a new appeal or by a writ of *mandamus* to execute the mandate of this court.

Original. Submitted October 21, 1897. Decided December 8, 1897.

APPLICATION for a writ of *mandamus* to compel the lower court to enter judgment on the mandate of this court.

*Mr. S. F. Phillips* and *Mr. Frederic D. McKenney* for the petitioner.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an application for a *mandamus* to compel the court below to enter judgment in an action therein, in accordance with the mandate of this court heretofore issued in the case of Mary Sanders Winter and Percy Winter against Richard Mansfield, brought into this court on appeal by Mansfield, the defendant, and which appeal was decided at the last term of this court, and in which case the judgment appealed from was reversed, upon the ground of the want of jurisdiction in the court below to hear and decide the case;—the amount shown and declared to be due on the contract at the time of suit brought not being sufficient in amount to support the jurisdiction of the court.    The grounds of the reversal are fully stated in the opinion of this court, and the cause was remanded to the end that the plaintiffs in the action might have the opportunity of entering a *nonsuit* of their action, or, upon failure so to do, that the court should proceed in such proper manner to dispose of the case as should not be inconsistent with the opinion of this court.    10 App. D. C. 549.

The action was brought on a contract for money agreed to be paid in weekly instalments; and at the time of the action brought the instalments due were less than the amount to sustain the jurisdiction of the court.    Upon reversing the judgment and remanding the cause, and the filing of the mandate of this court in the court below, instead of disposing of the cause as directed by the mandate, and in a way not inconsistent with the decision of this court, the court below, by leave given, allowed the plaintiffs, by way of amendment, to file a new declaration, setting up quite a different contract, and founding the right to recover upon a cause of action essentially different from that declared on in the first

or original declaration; thus making in fact and in substance a new case; and the defendant, though not served with new process in order to give the court jurisdiction, is required to plead or answer to this new declaration. This can not be done. To strike out the entire substance of the first declaration, which did not present a case within the jurisdiction of the court, and to insert a quite different case or cause of action, though relating to the same subject-matter as that of the first declaration, is not properly an amendment, and should not be considered within the rules on that subject. It is in substance and effect a new action. *Shields* v. *Barrow*, 17 How. 130, 144.

But the question here is, whether there was any power in the court below, under and by virtue of the mandate sent to it from this court, to allow such an amendment to be made as was made by the plaintiffs? The case had been fully decided by this court, leaving nothing to be done but the formal disposition of the cause in the court below in accordance with the decision of this court, and in no manner inconsistent therewith. When the court was held to be without jurisdiction to proceed in the cause, there was nothing left to be done but either to *non pros.* the action, or to enter it dismissed; and that was the disposition of the cause contemplated by this court, and not that there should be a new case made by the filing of new pleadings. If that had been intended, it would have been so declared. It seems to have been the effort and purpose of the plaintiffs, upon the sending down of the mandate, to open anew the case, by a new declaration, introducing a new cause of action, and requiring a new defence to be made by the defendant. This the plaintiffs can not be allowed to do. As said by the Supreme Court, in the case of *Stewart* v. *Salamon*, 97 U. S. 361, 362, "The rights of the parties in the subject-matter of the particular suit were finally determined upon the original appeal, and all that remained for the circuit court to do was

to enter a decree or judgment in accordance with our instructions, and to carry it into effect."

The law upon this subject is too well settled to admit of any question. When a case has been taken to an appellate court, and upon review a definitive conclusion has been reached as to the disposition of the case, the court below, upon mandate sent to it, with power to proceed only as directed by the appellate court, and with a view of carrying into execution the mandate and judgment of that court, has no power, in the absence of express provision of statute, to reshape the case, and by the introduction of new matter or a new cause of action and new pleadings, to avoid the operation and effect of the decision and judgment of the appellate court in the particular case.

In the case of the *Sanford Fork and Tool Co.*, 160 U. S. 247, 255, the Supreme Court say: "When a case has been once decided by this court, on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court can not vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. *Sibbald* v. *United States*, 12 Pet. 488, 492; *Texas and Pacific Railway* v. *Anderson*, 149 U. S. 237. If the circuit court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount), or by a writ of *mandamus* to execute the mandate of this court. *Perkins* v. *Fourniquet*, 14 How. 313, 330; *In re Washington and Georgetown Railroad*, 140 U. S. 91; *City Bank* v. *Hunter*, 152 U. S. 512; *City Bank, petitioner*, 153 U. S. 246. But the circuit court may con-

11 Ct. App.—37

sider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only. *Hinckley* v. *Morton*, 103 U. S. 764; *Mason* v. *Pewabic Co.*, 153 U. S. 361; *Nashua and Lowell Railroad* v. *Boston R. Co.*, 5 U. S. App. 97. The opinion delivered by this court, at the time of rendering its decree' may be consulted to ascertain what was intended by its mandate; and, either upon an application for a writ of *mandamus*, or upon a new appeal, it is for this court to construe its own mandate, and to act accordingly." 12 Pet. 488, 493 ; 14 Pet. 51; 94 U. S. 498; 148 U. S. 228, 238, 244.

In the case of *Hickman* v. *Fort Scott*, 141 U. S. 415, it was held that an application to a court of law by the plaintiff, after its judgment has been reversed and a different judgment directed to be entered, to so change the record of the original judgment to make a case materially different from that presented to the court of review, was properly denied. In that case, the application was by the plaintiff, after the Supreme Court had reversed the judgment and ordered the mandate; and by the application the plaintiff prayed for leave to so amend as to enable him to bring upon the record certain findings of fact which had been either unavoidably or accidentally omitted. But the court said there was no precedent or principle for the allowance of such an application.

And so in the case of *Ex Parte Dubuque & Pacific R. Co.*, 1 Wall. 69, where the Supreme Court had reversed a judgment of a circuit court and remanded the cause with a mandate that the court should enter a judgment for the other party, and the court below had thereafter received affidavits, showing new facts, and granted a new trial, the Supreme Court, by *mandamus*, ordered it to vacate the rule for a new trial, declaring that the court below had no power to set aside the judgment of the Supreme Court, "its authority extending only to executing the mandate." The same rule

was enforced by *mandamus* in the case of the *Washington and Georgetown R. Co.*, 140 U. S. 91.

There are cases where, from defective pleading, or the omission to state an existing and essential fact, the appellate court will remand the cause to enable the court below to exercise its discretion in allowing an amendment to be made, in order to cure defects. As where the citizenship of the defendant was, in fact, such at the commencement of the suit as to give the court below jurisdiction, that court ·can, upon a remand of the case, allow the necessary amendment to be made, and then proceed to trial. *Insurance Co.* v. *Rhoades*, 119 U. S. 237; *Halstead* v. *Buster*, 119 U. S. 341. But this is not such case. Here there is nothing on the record to amend by. There was no cause of action shown within the jurisdiction of the court, and the case was finally and completely determined by this court, leaving nothing to be done in the court below, except the entry of a *non pros.* or a dismissal for want of jurisdiction, as shown by the opinion and mandate of this court.

When this application for *mandamus* was first filed in this court, the counsel for the plaintiffs in the court below applied for leave to file a brief in opposition, and for time within which the brief could be presented. That application was granted, and though the time given for filing the brief has long since expired, no brief for the plaintiffs has been presented for our consideration.

Under the circumstances of this case, we shall not make any order requiring cause to be shown why a *mandamus* should not issue as prayed. We assume that when the matter is brought to the attention of the court below that the proper order will be made and the leave to amend will be withdrawn or vacated. If, however, it should hereafter become necessary, the petitioner can move for an order to show cause.