## VICKSBURG, S. & P. RY. CO. v. SCHAFF et al.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1925.)

No. 4187.

1. **Parties 45—Allowance of intervention generally discretionary with court.**

Generally, allowance of intervention in pending suit is discretionary with court, though there are cases where right is absolute.

2. **Equity 46—Equity will exercise jurisdiction, though plaintiff may have another remedy, if such other remedy is not as practical as equitable remedy.**

Equity will exercise jurisdiction, even when plaintiff has another remedy, if that remedy is not as practical and efficacious to the ends of justice and its proper administration as is the remedy in equity.

3. **Courts 264(3)—Court held to have jurisdiction of issue raised by intervention challenging propriety of order disposing of property, regardless of diversity of citizenship.**

In railroad receivership proceedings in federal court, where petition for leave to intervene challenged propriety of order disposing of property under its control, held, court had jurisdiction regardless of diversity of citizenship.

4. **Receivers 178—Lessor of railroad property held to have absolute right to intervene in receivership proceedings of lessee and question order disposing of property.**

Lessor of railroad property held to have absolute right to intervene in receivership proceedings of lessee in federal court, and there question propriety of order disposing of lease, and of property on which lien for funds due from lessee was claimed.

Appeal from the District Court of the United States for the Dallas Division of the Northern District of Texas; James C. Wilson, Judge.

In the matter of the receivership of the Missouri, Kansas & Texas Railway Company of Texas; C. E. Schaff, receiver. From an order rescinding a prior order allowing intervention by the Vicksburg, Shreveport & Pacific Railway Company, and dismissing its petition for leave to intervene, petitioner appeals. Reversed and remanded.

J. Blanc Monroe, Monte M. Lemann, and Manning W. Heard, all of New Orleans, La. (Monroe & Lemann, of New Orleans, La., on the brief), for appellant.

R. E. Milling, of New Orleans, La., and Alexander H. McKnight, of Dallas, Tex. (Joseph M. Bryson, of St. Louis, Mo., and Chas. C. Huff, of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant, the Vicksburg, Shreveport & Pacific Railway Company, hereafter referred to as intervener, is the owner of a line of railroad running from the Louisiana-Texas line at Waskom, Tex., to Shreveport, La., with the usual appurtenances, and terminal facilities at Shreveport. In 1899 the railroad, with terminal facilities, etc., was leased to the Sherman, Shreveport & Southern Railroad Company by three separate contracts denominated joint track lease, terminal contract, and traffic agreement; the said railroad company agreeing to pay all expenses of maintenance of the said track. These contracts were subsequently transferred to the Missouri, Kansas & Texas Railroad Company of Texas. In September, 1915, a receiver was appointed to the Missouri, Kansas & Texas Railroad Company by the District Court for the Northern District of Texas, and the receiver took over the property covered by the said contracts with intervener and continued to operate it as part of the railroad under receivership. In September, 1922, the entire property of the Missouri, Kansas & Texas Railroad Company was sold under decree of the court. The order of sale contemplated the transfer of the three contracts above referred to, with the proviso that the purchaser might have one year in which to decide whether he would retain the contracts or not. The sale was made to one Greenman, representing William Edenborn. Before the deed issued, intervener filed a petition in the receivership proceedings against the receiver and Edenborn, setting up that it had not been made a party to the cause; had received no notice of the proposed sale; that the contracts sought to be transferred by the order of sale and subsequent deed were not assignable to the purchaser; and that the receiver was indebted to the intervener in the sum of $50,000 for under maintenance of the railroad, for which intervener was entitled to a privilege on the funds in the hands of the receiver and to priority of payment. The prayer was for leave to intervene, that the contracts be decreed nontransferable, for a return of the property, for a judgment for $50,000 to be paid by preference out of any funds in the receiver's hands, and for postponement of the confirmation of the sale pending a decree on the intervention.

The District Court entered an order on the petition allowing the filing of the intervention and ordering service on the receiver and Edenborn. Edenborn answered, declined the contracts, and tendered the property back to the intervener. The receiver answered, objected to the allowance of the intervention on various grounds, and prayed that the order allowing it be recalled. A hearing was had solely on the pleadings. The order allowing the intervention was rescinded and the petition was dismissed. From that order this appeal is taken.

It is contended by the appellees that it was discretionary with the court to allow the intervention; that the intervener has an adequate and ample remedy on its claim for damages in some other court and some other proceeding; that the receivership proceedings should not be burdened with the trial of an extraneous issue; and, consequently, that the judgment rescinding the order allowing the intervention and dismissing the petition was right.

[1] It may be conceded that usually the allowance of an intervention in a pending suit is discretionary with the court, but there are exceptions, and in some cases the right to intervene is absolute. Credits Commutation Co. v. U. S., 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; Central Trust Co. v. Chicago, R. I. & P. R. Co., 218 F. 336, 134 C. C. A. 144; U. S. v. Northwestern Development Co., 203 F. 960, 122 C. C. A. 262; Western Union Tel. Co. v. U. S. & Mex. Tr. Co., 221 F. 545, 137 C. C. A. 113.

[2] Also, it is a fundamental rule that a court of equity will exercise jurisdiction even when a plaintiff has another remedy, if that remedy is not as practicable and efficacious to the ends of justice and its proper administration as the remedy in equity.

[3, 4]. The intervention challenged the propriety of an order of the court disposing of property under its control. Therefore the court had jurisdiction regardless of diversity of citizenship. When the intervention was filed, intervener's property was still in the custody of the receiver and under the jurisdiction of the District Court for the Northern District of Texas, and, consequently, no other court had jurisdiction to consider a suit for its return. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 17 L. Ed. 886.

Furthermore, whether the intervener is entitled to recover for the under maintenance of the property while it was being operated by the receiver or not, a lien is claimed on the funds of the receiver, and no other court could decree a payment out of those funds.

Intervener might establish his claim to damages by a suit at law and in some other court, but it is not probable there would be any personal liability of the receiver, and in the last analysis recovery would have to be out of the assets of the receivership. If

they were distributed to other creditors, a realization on any judgment that might be obtained would be practically impossible.

We think, under the circumstances disclosed in this case, appellant had the absolute right to intervene in the receivership proceedings; that the intervention was timely and the order allowing the intervention was proper; that the order thereafter dismissing the intervention was wrong.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.