**UNITED STATES v. RADICE et al.**

No. 306.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

James E. Duross, of New York City (Frederick Durgan, of New York City, of counsel), for appellant.

Brill, Bergenfeld & Brill, of New York City (Sanford H. Cohen, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The appellee asks dismissal of the appeal on the ground that an order denying leave to intervene is not appealable. City of New York v. Consolidated Gas Co., 253 U. S. 219, 221, 40 S. Ct. 511, 64 L. Ed. 870; Credits Commutation Co. v. United States, 177 U. S. 311, 316, 20 S. Ct. 636, 44 L. Ed. 782. It is true that, where an application for intervention is denied by the chancellor in the exercise of a sound discretion, the order is said to be nonappealable; but, as intimated in the case last cited, there may be cases where intervention is so essential to preservation of the petitioner's rights that denial of it is

446

reviewable by appeal.. Central Trust Co. v. Chicago, R. I. & P. R. Co., 218 F. 336, 339 (C. C. A. 2); Richfield Oil Co. v. Western Machinery Co., 279 F. 852 (C. C. A. 9), certiorari denied 260 U. S. 723, 43 S. Ct. 13, 67 L. Ed. 481; Vicksburg, S. & P. Ry. Co. v. Schaff, 5 F.(2d) 610 (C. C. A. 5). See, also, Gay v. Hudson River Elec. P. Co., 184 F. 689 (C. C. A. 2); Odell v. H. Batterman Co., 223 F. 292 (C. C. A. 2). As this court said in the Central Trust Case supra, "It is not always easy to draw the line"; but the case at bar presents, in our opinion, a situation where denial of intervention is reviewable. The decree of forfeiture will, at least apparently, destroy the leasehold upon which the mortgagee claims a lien, and will restore possession of the premises to the lessor. It may be, on the assumption that the mortgagee was a necessary party neither brought in nor notified, that the decree would not preclude a suit to foreclose the mortgage, and that the court decreeing foreclosure could by some ancillary procedure reinstate the leasehold as against the lessor, but such remedies, if they exist, are clearly less practicable and efficacious to the ends of justice than intervention in the present suit. Therefore, within the principle of the authorities above cited, we think the order was appealable.

But we are not at liberty to consider the merits of the District Court's ruling, because the record discloses that the court was without jurisdiction to allow intervention at the time the order was entered on November 18, 1929. The decree of forfeiture was made June 24, 1929, and on the same day an appeal was allowed to the lessee. Citation on appeal issued September 5th, the record was filed in this court October 20th, and the appeal was argued November 6th. The perfecting of that appeal transferred all jurisdiction of the cause to this court, and thereafter, during pendency of that appeal, the court below was without power to vacate or modify its decree of forfeiture. Midland Term. Ry. Co. v. Warinner, 294 F. 185 (C. C. A. 8); First Nat. Bank v. State Nat. Bank, 131 F. 430 (C. C. A. 9); Citizens' Bank v. Farwell, 56 F. 539 (C. C. A. 8); Bronson v. La Crosse & M. R. Co., 1 Wall. 405, 17 L. Ed. 616; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Hovey v. McDonald, 109 U. S. 150, 157, 3 S. Ct. 136, 27 L. Ed. 888. It is true that on September 5th, and before the expiration of the term at which the decree of forfeiture was entered, the District Court had ordered the lessor and the lessee to show cause in response to the present appellant's motion to vacate the decree and to be allowed to intervene, and that said motion was thereafter taken under consideration by the court (one of the opposing affidavits having been verified as late as October 24th) and a decision rendered on the merits. But such proceedings could not preserve jurisdiction to the District Court. That could have been done by vacating the order allowing the appeal before the appeal was perfected (Aspen Mining Co. v. Billings, 150 U. S. 31, 35, 14 S. Ct. 4, 37 L. Ed. 986; Midland Term. Ry. Co. v. Warinner, supra), but it was not done. The removal of the case into this court under the prior appeal left the District Court without power to enter the order applied for, and the motion should have been dismissed for lack of jurisdiction.

A question arises as to the form of the judgment of this court. The Circuit Court of Appeals for the Eighth Circuit in two cases has dismissed the appeal. Citizens' Bank v. Farwell, supra; Midland Term. Ry. Co. v. Warinner, supra. The logic of the situation, however, requires that the motion be dismissed for lack of jurisdiction. See Whittemore v. Amoskeag Nat. Bank, 134 U. S. 527, 10 S. Ct. 592, 33 L. Ed. 1002; Blacklock v. Small, 127 U. S. 96, 8 S. Ct. 1096, 32 L. Ed. 70; 3 C. J. 367, 368, citing many state court cases.

Accordingly, the order is reversed, and the cause remanded, with directions to dismiss the motion for lack of jurisdiction.