251 F.2d 374
 Herbert BROWNELL, Jr., Attorney General of the United States, et al., Appellants,
v.
Eric G. KAUFMAN et al., and Societe Internationale Pour Participations Industrielles et Commerciales, S. A., etc., (I. G. Chemie), Appellees.
 No. 13700.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 1, 1957.
 Decided November 21, 1957.
 
 Mr. Sidney B. Jacoby, Atty., Dept. of Justice, with whom Messrs. George B. Searls, Paul E. McGraw and Ernest S. Carsten, Attys., Dept. of Justice, were on the brief, for appellants.
 Mr. Irving Moskovitz, New York City, of the bar of the Court of Appeals of N. Y., pro hac vice, by special leave of Court, with whom Messrs. Robert E. Sher, Isadore G. Alk and James H. Heller, Washington, D. C., were on the brief, for appellees Kaufman, et al.
 Mr. Edmund L. Jones, Washington, D. C., with whom Mr. C. Frank Reifsnyder, Washington, D. C., was on the brief, for appellees Attenhofer, et al.
 Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 14, 1957, the Supreme Court granted the petition of the Societe Internationale Pour Participations Industrielles et Commerciales, S. A., for writ of certiorari to review the decision of this court in Societe Internationale etc. v. Brownell, 100 U.S.App.D.C. 148, 243 F.2d 254; 78 S.Ct. 61. This occurred subsequent to the order of the District Court in the present case enjoining the Attorney General, as successor to the Alien Property Custodian, from voting the stock of General Aniline and Film Corporation for, or otherwise proceeding with, a recapitalization of that corporation. The ownership of the stock is the underlying subject matter of the case now pending in the Supreme Court and, to a lesser degree, of this case.
 
 
 2
 In view of this situation we think that at least for the time being the injunction should be continued. Questions involving the ownership of the stock are likely to be decided by the Supreme Court at its current term. Thus the positions of the parties to the instant case might be altered, and a clearer approach afforded to the important legal questions involved.
 
 
 3
 Relying upon the principle that supervening events may be considered by an appellate court in determining a just disposition of the matter on appeal,[1] we will continue in effect the injunction but will withhold a decision as to whether or not the recapitalization would bring about such a change in the vested property as to cause it no longer to be retained as required by section 9 (a) of the Trading With the Enemy Act.[2] Decision of that question we think should await disposition by the Supreme Court of the main litigation now there pending, or the further order of this court. In event no further order of this court is entered prior to decision by the Supreme Court, parties to the present appeal may, within 15 days after the Supreme Court has acted, file with this court such memoranda or motions as they may be advised.
 
 
 4
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 An appellate court has "power not only to correct error in the judgment entered below but to make such disposition of the case as justice may at this time require. * * * And in determining what justice now requires the Court must consider the changes in fact and in law which have supervened since the decree was entered below." Watts, Watts & Co. v. Union Austriaca, 248 U.S. 9, 21, 39 S.Ct. 1, 63 L.Ed. 100; Schaff v. R. W. Claxton, Inc., 79 U.S. App.D.C. 207, 144 F.2d 532. And see Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 85 L. Ed. 327; In re Morris White Handbags Corp., 2 Cir., 77 F.2d 827; State of Washington v. United States, 9 Cir., 214 F.2d 33, 47 note 14
 
 
 [2]
 40 Stat. 419 (1917), as amended 50 U.S. C.A. Appendix, § 9(a)