272 F.2d 528
 106 U.S.App.D.C. 299
 Anthony DISTINTI, Individually and as President of Local No.
277, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, et al., Appellants,
v.
John CUNNINGHAM, et al., Appellees.
 No. 15236.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 2, 1959.
Decided Nov. 9, 1959.
 
 Mr. Raymond R. Dickey, Washington, D.C., with whom Messrs. Marshall E. Miller and Robert F. Rolnick, Washington, D.C., were on the brief, for appellants.
 Mr. Joseph DuCoeur, Washington, D.C., with whom Messrs. Herbert J. Miller, Jr., Norman M. Heisman, and Raymond G. Larroca, Washington, D.C., were on the brief, for Board of Monitors. Mr. Martin F. O'Donoghue, Washington, D.C., also entered an appearance for the Board of Monitors.
 No appearance for appellees Cunningham, et al.
 Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 The appellants are members of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. They filed a motion in the District Court March 5, 1959, to intervene in the case there pending entitled Cunningham v. English, D.C., 175 F.Supp. 764. That litigation is described rather fully in the opinion of this court in English v. Cunningham, 106 U.S.App.D.C. , 269 F.2d 517, rendered June 10, 1959.[1] On April 24, 1959, the motion to intervene was denied by the order of the District Court which is the subject of this appeal.
 
 
 2
 Appellants contend they were entitled to intervene as of right by reason of Rule 24(a)(2), Fed.R.Civ.P., set forth in pertinent part in the margin.[2] Rule 24(c) provides, however, that the motion 'shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. * * *' Appellants accompanied their motion with a 'Motion to Vacate Consent Order Dated January 31, 1958 or to Vacate the Order of Modification and Construction thereof Dated February 9, 1959.' This proposed motion asserted that the court was without jurisdiction over the parties when it made the orders sought to be vacated, that notice of the proposed Consent Order and of the Order of Modification and Construction was not given to all members of the class, and that the Order of Modification and Construction was void in going beyond the consent of the parties to the Consent Order and changing the basic purpose and design of the latter.
 
 
 3
 The complaint culminating in the Consent Order of January 31, 1958, had been filed on September 19, 1957. The petition for Construction, Reformation and/or Modification of the Consent Order, which culminated in the Order of Modification and Construction of February 9, 1959, had been filed on September 17, 1958. And when the motion to intervene, filed March 5, 1959, was denied April 24, 1959, the appeal from the order of February 9, 1959, had been perfected, argued on the merits and was under submission in this court.[3]
 
 
 4
 We agree that in the circumstances we have outlined and considering its limited purpose the application to intervene was untimely when filed. We are fortified in this conclusion by the events, also above described, which occurred later. In the exercise of our appellate jurisdiction we may consider these events in making such disposition of the case as justice may now require. Watts, Watts & Co. v. Unione Austriaca di Navigazione, 248 U.S. 9, 39 S.Ct. 1, 63 L.Ed. 100; Brownell v. Kaufman, 102 U.S.App.D.C. 133, 251 F.2d 374.[4]
 
 
 5
 Affirmed.
 
 
 
 [1]
 See supplemental opinion of July 9, 1959, 106 U.S.App.D.C. , 269 F.2d 517, 538
 
 
 [2]
 'Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *.' Rule 24(a) (2), Fed.R.Civ.P., 28 U.S.C.A
 
 
 [3]
 At present the Consent Order and the Order of Modification and Construction, to attack which intervention was sought, are the subject of a petition to the Supreme Court of the United States for writ of certiorari. 80 S.Ct. 187, 194
 
 
 [4]
 Cf. United States v. Radice, 2 Cir., 1930, 40 F.2d 445, where an order of the district court denying intervention on the merits was reversed with instructions that the district court should dismiss the motion for lack of jurisdiction because at the time the order was denied an appeal had already been allowed, the record filed, an oral argument made on the judgment in which petitioner sought to intervene
 'The perfecting of that appeal transferred all jurisdiction of the cause to this court, and thereafter, during pendency of that appeal, the court below was without power to vacate or modity its decree of forfeiture.'
 40 F.2d at page 446.