The CHEYENNE–ARAPAHO TRIBES OF OKLAHOMA, Edward P. Wilson, and Jerry Levi, individual tribal members, Plaintiffs,

v.

Ralph BEARD, Joseph Pedro, Jr., Jaspar Washa, Saul Birdshead, Jr., and Wisdom Nibbs, Jr., Defendants.

No. CIV–80–324–D.

United States District Court, W.D. Oklahoma.

Dec. 31, 1980.

Mark Hammons and C. Elaine Hammons, El Reno, Okl., for plaintiffs.

Robert T. Keel, Martha R. Kulmacz, Judy Shaw, John H. Charloe, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This is an action brought by Plaintiffs to recover actual and punitive damages for Defendants' alleged misappropriation of certain income derived by the Plaintiff Cheyenne-Arapaho Tribes of Oklahoma (Tribes) from non-trust lands. The Defendants are alleged to have been either an elected member of the Tribes' Business Committee or the Tribes' Business Manager at all relevant times. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1362.

This matter is presently before the Court on Defendants' Motion to Dismiss and supporting Brief wherein Defendants contend that this action should be dismissed on the following grounds: (1) the Court lacks subject matter jurisdiction as the allegations of Plaintiffs' Complaint taken in their entirety show that no federal question is involved herein as the matter in controversy does not arise under the Constitution or any law or treaty of the United States; (2) the Court lacks subject matter jurisdiction as the matter in controversy herein is a political question arising out of an intratribal dispute involving the interpretation of the Cheyenne-Arapaho Tribal Constitution by two contending political factions of the Tribes; (3) the allegations of Plaintiffs' Complaint show that the matter in controversy arose within "Indian Country" and that all of the Defendants are Indian members of the Cheyenne-Arapaho Tribes of Oklahoma and

this Court does not have jurisdiction over civil causes of action arising from the acts of Indians within Indian Country; and (4) Plaintiffs Edward P. Wilson (Wilson) and Jerry Levi (Levi) are not the real parties in interest in this matter and lack standing to bring this action, and Plaintiffs' Complaint does not contain a sufficient allegation of jurisdiction as to these Plaintiffs and thus this action should be dismissed as to said Plaintiffs. Plaintiffs have filed a lengthy brief in opposition to the instant Motion. On August 6, 1980, the Court conducted oral arguments in connection with the instant Motion and both sides filed supplemental briefs thereafter.

As noted above, Plaintiffs assert that the Court has subject matter jurisdiction of this action under 28 U.S.C. § 1362 which provides as follows:

"The district courts shall have original jurisdiction of all civil actions brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

There is no dispute that the Plaintiff Tribes are an "Indian tribe or band with a governing body duly recognized by the Secretary of the Interior" and the parties so agreed at the hearing on the instant Motion. The parties further agreed that this case is a civil action which does not arise under the United States Constitution or any treaty between the Tribes and the United States. Therefore, in order for subject matter jurisdiction to exist under § 1362, this action must arise under the laws of the United States. In this connection, Defendants assert that this action arises under the tribal constitution of the Cheyenne-Arapaho Tribes only and not under any federal law while Plaintiffs maintain that this action arises under 25 U.S.C. § 503 and 18 U.S.C. § 1163.[1]

---

1. 25 U.S.C. § 503 provides as follows:

Any recognized tribe or band of Indians residing in Oklahoma shall have the right to organize for its common welfare and to adopt

a constitution and bylaws, under such rules and regulations as the Secretary of the Interior may prescribe. The Secretary of the Interior may issue to any such organized group a

Neither § 503 nor § 1163 expressly provide Plaintiffs with the cause of action asserted herein. However, Plaintiffs contend that § 503 and § 1163 give rise to an implied cause of action which satisfies the "arising under" requirement of § 1362.

 The fact that a federal statute may have been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Cannon v. University of Chicago,* 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). Rather, the existence of a statutory cause of action is a question of statutory construction. *Id.* In this connection, the United States Supreme Court indicated in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), that in order to determine whether a cause of action is implicit in a statute not expressly providing one, the following factors are relevant:

First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' ... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state [or tribal] law, in an area basically the concern of the States [or tribes], so that it would be inappropriate to infer a cause of action based solely on federal law?

422 U.S. at 78, 95 S.Ct. at 2088 (citations omitted); *see Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 61 n. 10, 98 S.Ct. 1670, 1678 n. 10, 56 L.Ed.2d 106 (1978). However, the central inquiry is whether Congress intended, either expressly or by implication, to create a private cause of action and therefore the factors set out above are not necessarily entitled to equal weight. *See Touche Ross & Co. v. Redington, supra,* 442 U.S. at 575–576, 99 S.Ct. at 2488–89.

 In the instant case, it appears that § 503 merely provides statutory authority for a federally recognized Indian tribe residing in Oklahoma to organize and adopt a constitution and bylaws under rules and regulations prescribed by the Secretary of the Interior as the Plaintiff Tribes have apparently done and to obtain a charter of incorporation from the Secretary. Neither the language nor the legislative history of § 503 evidence Congressional intent to provide the Plaintiff Tribes with the cause of

charter of incorporation, which shall become operative when ratified by a majority vote of the adult members of the organization voting: *Provided, however,* That such election shall be void unless the total vote cast be at least 30 per centum of those entitled to vote. Such charter may convey to the incorporated group, in addition to any powers which may properly be vested in a body corporate under the laws of the State of Oklahoma, the right to participate in the revolving credit fund and to enjoy any other rights or privileges secured to an organized Indian tribe under sections 476 and 477 of this title: *Provided,* That the corporate funds of any such chartered group may be deposited in any national bank within the State of Oklahoma or otherwise invested, utilized, or disbursed in accordance with the terms of the corporate charter. 18 U.S.C. § 1163 provides as follows:

Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted to the custody or care of any officer, employee, or agent of an Indian tribal organization; or

Whoever, knowing any such moneys, funds, credits, goods, assets, or other property to have been so embezzled, stolen, converted, misapplied or permitted to be misapplied, receives, conceals, or retains the same with intent to convert it to his use or the use of another—

Shall be fined not more than $5,000, or imprisoned not more than five years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000, or imprisoned not more than one year, or both.

As used in this section, the term "Indian tribal organization" means any tribe, band, or community of Indians which is subject to the laws of the United States relating to Indian affairs or any corporation, association, or group which is organized under any of such laws.

**4**

action asserted herein. *See generally* H.R. Rep. No. 2408, 74th Cong., 2d Sess. 3.

 Turning to § 1163, it appears that this statute is a criminal statute that does not indicate that civil enforcement of any kind is available to anyone. However, a criminal statute may be sufficiently protective of some special group so as to give rise to a private cause of action by a member of that group. *See Cort v. Ash, supra,* 422 U.S. at 79–80, 95 S.Ct. at 2088–89. In this connection, the express language and legislative history of § 1163 clearly indicate Congressional intent to protect Indian tribal organizations such as the Plaintiff Tribes from improper actions of tribal officials. *See generally* Sen.Rep. No. 2723, 84th Cong., 2d Sess., *reprinted in* [1956] U.S.Code Cong. & Ad.News 3841. Under these circumstances, the Court determines that the private cause of action for damages asserted herein by the Plaintiff Tribes is implicit in § 1163 and therefore this action arises under a law of the United States. Accordingly, the Court finds and concludes that it has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1362.

As to the other grounds for dismissal asserted by Defendants in their Motion to Dismiss, the Court is not persuaded that the issue of alleged individual misconduct by the defendant tribal officials in the application of tribal funds presented in Plaintiffs' Complaint is a political question not justiciable by the federal courts as the Defendants contend. Nor does Defendants' contention that federal courts lack jurisdiction over civil causes of action arising between Indians within "Indian Country" appear to be supported by any statute or decision.

Finally, Defendants contend that Plaintiffs Wilson and Levi are not the real parties in interest in this matter and lack standing to bring this action and that the Complaint contains insufficient jurisdictional allegations as to these Plaintiffs. The

Court agrees. The civil cause of action implicit in 18 U.S.C. § 1163 exists in favor of the Plaintiff Tribes only and not the two individual plaintiffs. Furthermore, the Court lacks subject matter jurisdiction of this action under 28 U.S.C. § 1362, the only jurisdictional basis alleged in Plaintiffs' Complaint, insofar as the individual Plaintiffs are concerned. *See Quinault Tribe of Indians v. Gallagher,* 368 F.2d 648, 656 (Ninth Cir.1966), *cert. denied,* 387 U.S. 907, 87 S.Ct. 1684, 18 L.Ed.2d 626 (1967); *Cape Fox Corp. v. United States,* 456 F.Supp. 784, 797 (D.Alaska 1978).

In view of the foregoing, the Court finds and concludes that the instant Motion should be overruled insofar as dismissal of the Plaintiff Tribes' action is sought and granted as to Plaintiffs Wilson and Levi. Accordingly, Defendants are directed to answer the Complaint herein within 20 days of this date. The Court further directs that its Order of May 2, 1980, staying discovery in this case until the instant Motion to Dismiss had been ruled on is hereby vacated.[2]

It is so ordered this 31 day of December, 1980.

---

**2.** Defendants' Motion to Compel Depositions to be taken by Written Interrogatories and Motion for Restriction of Attendance at Taking of Deposition which were pending when the Court

entered its Order of May 2, 1980, staying discovery are hereby overruled without prejudice to being refiled in the event that the deposition in question is set hereafter.