Howard L. JENKINS, Stockholder of Lavender House, Inc., On behalf of himself and all other Stockholders of Lavender House, Inc., Lavender House, Inc.

v.

The FIDELITY BANK, Certain Officers and Directors as listed, et al.

and

Morgan, Lewis & Bockius and Gabriel F. Nagy, Esquire,

and

Southeastern Pennsylvania Development Fund.

Civ. A. No. 72–2278.

United States District Court,
E. D. Pennsylvania.

Sept. 20, 1973.

Howard L. Jenkins, pro se.

Jeffrey C. Hayes, Philadelphia, Pa., for Fidelity & Directors.

John H. Lewis, Jr., Jay H. Calvert, Jr., Philadelphia, Pa., for Morgan, Lewis & Bockius.

Jos. C. Bright, Jr., Philadelphia, Pa., for SE Pa. Dev. Fund.

## OPINION

GORBEY, District Judge.

On November 16, 1972, the plaintiff Howard L. Jenkins filed pro se, an 11 page complaint with 16 exhibits, on behalf of all stockholders of Lavender House, Inc., against The Fidelity Bank (the Bank), and each of its officers and directors, individually. The complaint alleged various acts of misconduct by the defendants directed toward Lavender House, Inc. Following a motion by the defendants, this court ordered the plaintiff to submit an amended complaint in compliance with the Federal Rules of Civil Procedure. The amended complaint which adds Lavender House, Inc. as a plaintiff (corporate plaintiff), and the law firm of Morgan, Lewis and Bockius; Gabriel F. Nagy, Esquire (Nagy); and Southeastern Pennsylvania Development Fund (the Fund), as defendants, sets forth some 15 counts in 129 numbered paragraphs. This complaint charges that the defendants participated in the preparation of an offering circular which contained several omissions and misrepresentations, made improper disbursements from the proceeds of the offering and performed other acts of misconduct. The amended complaint with its 17 exhibits was filed on a timely basis.

Before this court are motions submitted on behalf of each defendant, pursuant to Fed.R.Civ.P. 12 to dismiss the

**1396**

complaint. We will examine each count and the objections to its *seriatim*.

## COUNT 1

Count 1 charges that Gabriel F. Nagy, Esquire, participated in the preparation of a misleading offering circular, in connection with the public offering of the stock of Lavender House, Inc., in violation of the Securities Act of 1933. Specifically, it charges the offering circular failed to state that the net proceeds of the company's public stock offering would be assigned to the Bank until its loan was fully paid.

■ Defendant Nagy contends that the complaint fails to state a claim upon which relief can be granted, because the securities in question were exempt from registration under Section 3 of the Act (15 U.S.C. § 77c). In an action by a buyer of unregistered securities, it is well established that the defendant has the burden of proving exemption from registration requirements. *See* SEC v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494 (1953). Raising this issue at this time is therefore premature.

Further, in evaluating a claim under Fed.R.Civ.P. 12(b)(6), we are guided by the admonishment in 2A Moore's Federal Practice, § 1208 that "A complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. The pleadings are to be liberally construed." Section 12(2) of the Act (15 U.S.C. § 77l(2)) provides: "Any person who—. . . offers . . . a security [*whether or not exempted by the provisions of Section 77(c) of this title* . . .] . . . by means of a prospectus . . . which . . . omits to state a material fact necessary in

order to make the statements, . . . not misleading . . . shall be liable to the person purchasing such security . . ." [*Emphasis added*] Accordingly, the contention that the complaint should be dismissed for failure to state a claim appears to be without merit.

■ Next, the defendant contends that the amended complaint fails to state a cause of action because the plaintiff has failed to plead the facts in support of jurisdiction. Specifically, the failure of the plaintiff to aver:[1] (1) the use of instrumentalities of interstate commerce; (2) the materiality of the actions complained of; and (3) the causation between the defendant's actions and the injuries of the plaintiff; requires that the complaint be dismissed.[2] Fed. R.Civ.P. 8(f) provides that: "All pleadings shall be so construed as to do substantial justice." Cases are generally to be tried on proofs, rather than pleadings. "[Rule 8(f)] excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an effort, fairly to understand what he attempts to set forth. Expensive trials of meritless claims are sought to be avoided in the main by pretrial and summary judgment procedures." De Loach v. Crowley's, Inc., 128 F.2d 378 (5th Cir. 1942). Dismissal under Fed.R.Civ.P. 12 for failure to make these allegations is not appropriate.

Next, the defendants move for dismissal because the plaintiff has failed to comply with Fed.R.Civ.P. 23.1 concerning derivative actions. The plaintiff states that this action is not a derivative action, therefor the defendants' claim must be rejected. The plaintiff, however, states that his amended complaint has joined Lavender House, Inc., as a plaintiff, and Lavender House, Inc. has filed with this court an "Approval

---

1. It should be noted that the defendant's motion to dismiss does not contend that instrumentalities of interstate commerce were not involved, that the alleged omission from the offering circular was not material, or that such alleged omissions had no causal connection with the injury, if any, suffered by the plaintiff.

2. The case sub judice is clearly distinguishable from Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968), relied upon by the defendant. In *Koll*, the court found it was "Impossible for any party or court to understand plaintiff's alleged claim or damage [so that] no responsive pleading could intelligently be filed by defendants." (at 126)

as Joinder Plaintiff", indicating the consent of its Board of Directors to join it as a plaintiff and its intention to retain counsel[3] in this case. Fed.R.Civ.P. 20 provides that "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

■ Count 1 charges defendant Nagy with participating with the issuer in the preparation of a misleading offering circular. The anti-fraud provisions of the Securities Acts permit recovery by purchasers in this situation. These facts do not establish the right of the issuing corporation to obtain any relief in these circumstances. Accordingly, Lavender House, Inc. will be dropped as a party from Count 1 in accordance with Fed.R. Civ.P. 21 which provides: "Parties may be dropped . . . by order of the court on . . . its own initiative at any stage of the action . . . "

■ The next reason upon which the defendant urges dismissal of the complaint is that the complaint fails to clearly define the class which the plaintiff purports to represent. We recognize that no action may proceed as a class action unless the class is defined and the plaintiff is a member of the class. Basch v. Talley Industries, Inc., 53 F.R.D. 14 (S.D.N.Y.1971). Such considerations have relevance to a motion to determine whether a class action is to be maintained [under Fed.R.Civ.P. 23(c)(1)] not to a motion under Fed.R.Civ.P. 12, therefore the claim will not be dismissed for that reason.

■ Nor can we agree with the defendant's next contention that the complaint fails to contain a short plain statement of the claim in accordance with Fed.R.Civ.P. 8. On the contrary, reading Count 1, in light of Rule 8(f), it alleges that defendant Nagy partici-

pated in the preparation of a misleading offering circular which failed to disclose that the proceeds of the stock offering were assigned to the bank pending full payment of its loan. This is sufficiently clear to meet the requirements of Fed.R. Civ.P. 8.

■ Lastly, the defendant contends that the complaint violates Fed.R.Civ.P. 9(b) which provides, inter alia, that "[T]he circumstances constituting fraud . . . shall be stated with particularity." Specifically, they object to plaintiff's paragraph 16 which states:

"The statements and omissions in the offering circular was a fraud on the plaintiff and a detriment to the company in that the offering circular could not be used further to raise badly needed working capital or other funds for company, with the result being general, direct, and consequential loss to the company and the plaintiff stockholders."

It has been recognized that violations of the anti-fraud provisions of the Securities Act (15 U.S.C. § 77q) may occur when persons offering a security for sale omit material facts from a prospectus. Globus v. Law Research Service, Inc., 418 F.2d 1276 (2d Cir. 1969). Accordingly, we cannot say that the allegation that the plaintiff stockholder was defrauded by specific omissions from an offering circular fails to state a claim of fraud with particularity. Defendant's motion to dismiss the complaint as to Count 1 is therefore denied.

## COUNT 2

Count 2 alleges that defendant Peter M. Green, Assistant Treasurer of The Fidelity Bank, participated in the preparation of an offering circular which failed to disclose that the proceeds of the public offering were assigned to the Bank, pending full payment of its loan. Defendant Green, like defendant Nagy, in Count 1 contends that the complaint is fatally defective for its failure to plead the use of an instrumentality or means

---

3. In the 4 month period since this filing, no appearance of counsel has been entered on behalf of Lavender House, Inc.

of interstate commerce. We reject such contentions for the reasons set forth in Count 1.

■ Next, defendant contends that the failure to specify the provisions of the federal securities laws which were allegedly violated requires dismissal of the complaint. It is well established that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. It is not necessary to set out a legal theory on which the claim is based. Siegelman v. Cunard White Star, 221 F.2d 189 (C.A.2d Cir. 1955). A complaint is not to be dismissed because the plaintiff has misconceived the proper legal theory of the claim. But it is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief. Dotschay v. National Mutual Insurance Co., 246 F.2d 221 (5th Cir. 1957). The plaintiff has alleged that defendant Green's participation in the preparation of a misleading offering circular is a violation of Section 10 of the Securities Exchange Act of 1934 (15 U.S.C. § 78j). Rule 10(b)(5)(b) [C.F.R. § 240.10(b)(5)(b)] makes it unlawful for any person to use an instrumentality of interstate commerce to make an untrue statement of a material fact or omit to state a material fact in connection with the purchase or sale of a security. We believe, therefore, that the plaintiff stockholder's claim under Count 2 gives the defendant Green adequate notice to enable him to prepare a defense against it.

■ Next, defendant Green claims the plaintiff has failed to show that he is entitled to relief because he has failed to assert that he purchased his shares in reliance upon the misleading offering circular. Reliance is not a prerequisite to recovery for violation of an SEC rule which prohibits material misrepresentations in the purchase of securities where the failure to disclose is involved. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making the

decision. Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). The failure to allege reliance in the complaint therefore is not grounds for dismissal of the complaint.

Defendant Green also alleges that the plaintiff has failed to comply with Fed. R.Civ.P. 23.1, concerning derivative actions. As stated previously, this case is not a derivative action, so the defendant's claim is without merit. Since this count, like Count 1, is grounded upon a misleading offering circular, the corporate plaintiff will be dropped as a party for the reasons set forth in that count.

Lastly, defendant Green argues that the complaint fails to comply with Fed. R.Civ.P. 23, concerning class actions; raising the same arguments as defendant Nagy in Count 1. A motion for a class action not being before this court at this time, that claim is also rejected. Accordingly, the claim of the stockholder plaintiff under Count 2 will not be dismissed.

### COUNT 3

■ Count 3 charges defendants Nagy, Morgan, Lewis and Bockius, Green and The Fidelity Bank with conspiring to prepare a false and misleading offering circular. Specifically, it charges defendant Green sent letters to defendant Nagy with instructions describing the use of the proceeds, and that all defendants disregarded these instructions by failing to include in the prospectus a statement that the proceeds of the stock offering would be assigned to the Bank until payment of the loan. In addition to the defenses raised in previous counts, defendants Green and The Fidelity Bank argue that a bare allegation of conspiracy without averments in support of the conclusion does not state a claim. We believe, however, that an averment that defendant Green participated in the preparation of a misleading offering circular when letters from defendant Green indicated that he knew of allegedly material information, which was not included in the prospectus, is a sufficiently clear allegation of a conspiracy

to defraud. *See* McCleneghan v. Union Stock Yards Co. of Omaha, 298 F.2d 659 (8th Cir. 1962). Green contends he did not participate in the preparation of the offering circular; however, for the purposes of motions to dismiss, disputed facts must be regarded as admitted. It is therefore inappropriate to determine the scope of any party's participation in the preparation of the allegedly misleading offering circular at this time. The stockholder plaintiff's claim under Count 3 should not, therefore, be dismissed. However, Count 3, like Counts 1 and 2, is founded upon a misleading offering circular, therefore, the corporate plaintiff will be dropped as a party.

### COUNT 4

■ Count 4 charges that defendant Southeastern Pennsylvania Development Fund accepted $16,424.60 from the escrow fund of the proceeds of Lavender House, Inc.'s public stock offering, and refused to return it, even though its loan was subordinated to that of The Fidelity Bank. Plaintiff stockholder claims this is actionable fraud under the Securities Exchange Act of 1934 (15 U.S.C. § 78a). The offering circular of Lavender House, Inc., attached as an exhibit to the complaint, states under the heading of loan agreements:

"The loan [by the Fund] is secured by a security interest in all the company's accounts receivable, inventory and equipment, which is subordinated to the security interest held by The Fidelity Bank . . . a balance of approximately $16,000 remains unpaid which the company intends to prepay out of the proceeds of this offering."

Further, under use of proceeds, the offering circular states: "$16,000 to prepay a note issued by the company to Southeastern Pennsylvania Development Fund due in 1978 . . . " It is clear, therefore, upon considering the complaint and the attached exhibit (*See* Olpin v. Ideal National Insurance Company, 419 F.2d 1250 at 1255 (10th Cir. 1969), cert denied, 397 U.S. 1074, 90 S.Ct. 1522, 25 L.Ed.2d 809 (1970)) that there has been no misstatement or omission concerning the use of proceeds to prepay the Fund's note in the offering circular of Lavender House, Inc., which would give rise to an investor's action for fraud. Further, if the alleged improper payment from the escrow fund resulted in the loss to the plaintiff stockholder, such loss was indirect and cannot be recovered in a suit by the stockholder. Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970). Therefore, the individual plaintiff has failed to show that he is entitled to relief under Count 4.

■ Similarly, the corporate plaintiff has failed to state a claim under Count 4. The plaintiff purports to enlist this court's jurisdiction under the anti-fraud provisions of the Securities Acts. The complaint shows that the Fund, pursuant to the provisions of the plaintiff issuer's offering circular accepted a prepayment of its loan from an escrow account of the proceeds of the plaintiff's public stock offering. There is no fraud by the Fund, against the issuer, in accepting a payment of a loan under these circumstances, whether or not the loan is subordinated. A debtor cannot say he has been deceived by the creditor's acceptance of a payment from a third party which the debtor has stated he intends to be made.

The plaintiff has alleged no particulars pertaining to how the defendant might have induced it to agree to make such a payment. Fed.R.Civ.P. 9(b) states: "[T]he circumstances constituting fraud . . . shall be stated with particularity." Therefore, Count 4, to the extent it purports to state a claim by the corporate plaintiff under the anti-fraud provisions of the Securities Act, shall be dismissed. *See* Robison v. Caster, 356 F.2d 924 (7th Cir. 1966).

■ The plaintiff has also attempted to state a claim under 18 U.S.C. § 656 and 18 U.S.C. § 1006. The first statute provides criminal penalties for an officer, director, agent or employee, of certain named banks, who embezzles money from a named bank. First, this section provides no civil remedy. Second, the statute is not applicable to the instant

situation. The statute is directed against individuals who are employees of banks, and the Fund is neither an individual nor an employee of the bank.

■ The second statute provides criminal penalties for an officer, agent or employee, of certain named federal institutions, who makes a false entry in the books of such institutions, who without authority draws any order or puts forth any obligation of one of the named institutions, or who, with intent to defraud the United States or any agency thereof, receives any money from such institution. This is also a criminal statute which does not provide a civil remedy. It, too, is directed at individuals (which the Fund is not) and protects the United States Government, who is not complaining in this suit. The plaintiff, therefore, has failed to state a cause of action against the Fund on the basis of these criminal statutes. Count 4, therefore, will be dismissed.

## COUNT 5

■ Count 5 charges that defendants Nagy and Morgan, Lewis and Bockius prepared a false and misleading offering circular. They allegedly failed to disclose that the Southeastern Pennsylvania Development Fund had agreed to subordinate principal payments on its outstanding loan to Lavender House, Inc. and accept only interest payments, until the SBA loan by The Fidelity Bank was paid. Defendants have asserted the same defenses against the stockholder plaintiff as they did in Count 1 which must be rejected for the same reasons.

The corporate plaintiff's claim is also similar to its claim in Count 1 (The essential differences are that Count 5 includes the law firm as a defendant and a different misrepresentation or omission

is involved). The corporate plaintiff is not a purchaser and has not shown any injury flowing from the alleged misrepresentation.[4] Therefore, joinder of the corporate claim is improper and it will be dropped.

Accordingly, the claim under Count 5 by plaintiff Jenkins will not be dismissed, but the claim by plaintiff Lavender House, Inc. will be dropped.

## COUNT 6

■ Count 6 charges that defendants Green and The Fidelity Bank, Nagy, Morgan, Lewis and Bockius, fraudulently took $34,929.37 from the escrow fund and paid it to the defendant Bank. The plaintiff stockholder has not alleged any misrepresentation by the defendants[5] and has failed to show any direct loss. Therefore, his claim will be dismissed. *Kauffman, supra.*

■ Similarly, the corporate plaintiff has failed to state a claim under the Securities Acts. Viewing its claim in the best light, the company is charging that the Bank and the issuer's counsel prepared an offering circular which provided for distribution of the proceeds which was not in accordance with agreements between the issuer and its creditors. It is the plaintiff corporation's contention that these actions on behalf of the Bank and issuer's counsel are actionable under the anti-fraud provisions of the 1933 and 1934 Acts. While it is questionable that the Securities Acts were intended to reach such transactions (*See* A. C. Frost & Co. v. Coeur D'Alene Mines Corp., 312 U.S. 38, 61 S.Ct. 414, 85 L.Ed. 500 (1941)) even if they are, in order to find fraud here, it would be necessary for an issuing corporation to deny any knowledge of the contents of its own offering circular. Nothing could be less in keeping

---

4. The corporate plaintiff has alleged injury flowing from an improper payment from the escrow fund of the proceeds. However, the questions of law and fact for such an allegation are not common to the plaintiff stockholder's misrepresentation claim.

5. The plaintiff states in paragraph 57 "The froant [sic] page of the offering circular, Exhibit 'B' provides that the proceeds should

go to company." A cursory examination of the offering circular shows that the front page discloses the tentative distribution between the issuer and the underwriter. The use of proceeds section (page 5) shows The Fidelity Bank is to receive $53,007 and the loan agreements section (page 8) shows that this includes payment of a $34,929 demand loan.

with the purpose of the Securities Acts. It is therefore clear that the corporate plaintiff has failed to state a claim which is actionable under the Securities Laws.

## COUNT 7

Count 7 charges that The Fidelity Bank misapplied $34,929.37 of funds from the escrow fund of Lavender House, Inc.'s stock offering. This is essentially a restatement of Count 6 except that plaintiff here purports to base jurisdiction and the cause of action upon 15 U.S.C. § 645. This section, which establishes criminal penalties for willful misapplication of SBA funds, has been held not to create a private right of action. Royal Services, Inc. v. Maintenance, Inc., 361 F.2d 86 (5th Cir. 1966). The court is therefore without jurisdiction of the subject matter of the claim asserted in Count 7.

## COUNT 8

Count 8 asserts that the Southeastern Pennsylvania Development Fund "being connected by agreement with the SBA" took $16,424.60 directly from the escrow of the company's stock offering in violation with its subordination agreement. This Count appears to be a restatement of Count 4, with an attempt to bring it within 15 U.S.C. § 645. It will therefore be dismissed for the reasons in Count 4 and because the referenced statute provides no civil remedy. See Royal Services, Inc., supra.

## COUNT 9

Count 9 charges that defendants Nagy, Morgan, Lewis and Bockius, Green and The Fidelity Bank conspired to fraudulently misapply $34,929.37 from the escrow fund of Lavender House, Inc.'s public stock offering. This Count charges these funds were "used for other than purposes as directed in the use of the proceeds section of the offering circular." Specifically, the charge is that the offering circular indicates these funds would be used to pay Fidelity for loans guaranteed by the SBA. Instead, the money was used to pay off a demand note which was not guaranteed by the SBA. It is clear from reading the exhibits attached to the complaint (Olpin, supra.) that this claim has no basis in fact. The use of proceeds section shows that $53,007 will be used "to make payments to The Fidelity Bank due under loan agreements". The loan agreement section indicates that the company has outstanding loans aggregating $193,648 from The Fidelity Bank. That section further indicates that The Fidelity Bank has advised the company that if the offering is successful, it will insist upon immediate payment of $18,078 due under the income recapture provisions, as well as payment of $34,929 demand loan made separately from the loan agreements. The stockholder plaintiffs have failed to show this was a misrepresentation in, or omission from, the offering circular. Therefore, their claim will be dismissed. The corporate claim is essentially that made under Count 6. It will therefore be dismissed for the same reasons as advanced in Count 6.

## COUNT 10

Count 10 charges defendants Nagy and Morgan, Lewis and Bockius, with causing the SBA loan agreement to be breached by delivering funds to The Fidelity Bank and the Southeastern Pennsylvania Development Fund, when that agreement required the net proceeds of the stock offering to be assigned to the bank until SBA guaranteed loans were paid. Plaintiffs assert that jurisdiction is founded upon 15 U.S.C. § 645. As stated previously, this statute imposes criminal penalties and does not create a private right of action. Royal Services, Inc., supra. The court, therefore, is without jurisdiction as to Count 10.

## COUNT 11

Count 11 charges Peter Green and The Fidelity Bank with breaching the SBA loan agreement by taking funds from the company's stock offering in violation of the loan agreement. The complaint asserts the court has jurisdiction under 15 U.S.C. § 645. This statute imposes criminal penalties and has been construed not to grant a private

right of action (*Royal Services, Inc., supra.*) deprives the court of jurisdiction as to the subject matter of this claim. This Count therefore will be dismissed.

### COUNT 12

Count 12 charges defendant Richard T. Hughes, Vice-President of The Fidelity Bank, and The Fidelity Bank, with refusing to grant working capital on a letter of credit. This Count seeks to invoke the court's jurisdiction under 15 U.S.C. § 645. For the reasons enumerated in Count 11, this court is without jurisdiction to hear this claim.

### COUNT 13

Count 13 charges defendants Hughes and Fidelity with conspiracy to seize two United States patents. Specifically, the Count charges that the defendant Bank, acting through defendant Hughes, required Howard L. Scott, President of Lavender House, Inc., to assign rights under two United States patents to the Bank to secure a $40,000 loan to the plaintiff corporation, then caused the loan guaranty agreement with the SBA to be breached in order to obtain the rights under these patents. Plaintiffs seek to invoke this court's jurisdiction under 28 U.S.C. § 1338, which gives this court exclusive original jurisdiction of actions "arising under any Act of Congress relating to patents". No reference is made to any Act of Congress respecting patents which would establish the plaintiffs right to relief. Every case involving patent issues is not a civil action arising out of an Act of Congress relating to patents as set forth in 28 U.S.C. § 1338. Kysor Industrial Corporation v. Pet, Inc., 459 F.2d 1010 (6th Cir. 1972). This court therefore lacks subject matter jurisdiction as to Count 13.

### COUNT 14

Count 14 charges Samuel H. Ballam, President of The Fidelity Bank; Howard T. Lodge, Senior Vice-President; Richard T. Hughes, Vice-President; and The Fidelity Bank used "extortionate means" to force the plaintiff corporation to sign away a $200,000 line of credit, guaranteed by the SBA, in order to secure an additional $10,000 demand loan in July, 1972. Again, in this Count, the plaintiffs seek to invoke this court's jurisdiction under 15 U.S.C. § 645, which, as stated previously (Counts 7, 8, 10, 11 and 12) is insufficient.

### COUNT 15

Count 15 charges the directors of The Fidelity Bank failed to act to require the Bank to require the Southeastern Pennsylvania Development Fund to return the $16,424.60 which the Bank had improperly disbursed to it from the escrow fund. Since the only potential damage which the plaintiff stockholder could suffer is indirect damage, his action must be dismissed. *Kauffman, supra.*

The corporate plaintiff alleges that the directors are liable under Sections 11(a) and 15 of the 1933 Act. Section 15 concerns the liability of "controlling persons". The availability of that provision turns upon the presence, inter alia, of liability of a controlled person under Section 11 or 12 of the Act (15 U.S.C. §§ 77k, 77l). Plaintiff looks to § 11(a) and his failure to state a claim thereunder is plain. Section 11(a) deals with registration statements which are defective by reasons of untrue statements or omissions of material facts. Nowhere in Count 15 has the plaintiff charged any person with a violation of the registration statement[6] requirements. The failure to show liability of a controlled person under the registration statement section requires that the complaint against the individual directors be dismissed. Count 15 will therefore be dismissed.

In summary, the complaints of the plaintiff stockholder Howard L. Jenkins arising from the alleged misrepresentations in, or omissions from, the offering circular of Lavender House, Inc., set forth in Counts 1, 2, 3 and 5 will not be dismissed.

The corporate plaintiff Lavender House, Inc. will be dropped as a party

---

6. Securities Act of 1933, § 5 (15 U.S.C. § 77e).

because it was improperly joined by the plaintiff stockholder in the Counts in which he states a claim for misrepresentation in the Lavender House, Inc. offering circular. It has failed to either state a claim or properly invoke the jurisdiction of the Count in the remaining Counts.

The complaints of the plaintiff stockholder Jenkins against the officers (except Peter Green) and directors of The Fidelity Bank have failed to state a claim or properly invoke the jurisdiction of this court and will be dismissed. Similarly, the complaints of the plaintiff stockholder Jenkins against the Southeastern Pennsylvania Development Fund have failed to state a claim or properly invoke this court's jurisdiction and will be dismissed.