Sandra M. IRIZARRY, Plaintiff,

v.

PALM SPRINGS GENERAL
HOSPITAL, Defendant.

No. 84–1010–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 11, 1986.

Woodrow Wallen, Miami, Fla., for plaintiff.

Ted H. Bartelstone, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

SPELLMAN, District Judge.

This CAUSE came before the Court on Defendant's motion to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After having reviewed this motion, it is hereby

ORDERED AND ADJUDGED that the motion is only partially GRANTED. The case will still proceed on the remaining causes of action that this Court finds competent under existing law.

## BACKGROUND

The Plaintiff is a citizen and resident of the United States, who lived in Puerto Rico as a national until 1981, when the Defendant hospital, Palm Springs General, in search of new staff help, persuaded the Plaintiff to move to Florida and begin a new life as a licensed practical nurse. The agreement contemplated that the Plaintiff would receive housing at a low monthly rent as part of her compensation package. In 1983, the Defendant announced that it was reducing the eligibility for its housing program, and that only nurses who were RNs or unmarried LPNs were still entitled to this benefit. The Plaintiff is a married LPN. After the Plaintiff complained to hospital administrators about what she described as unequal treatment in the disbursement of its housing eligibility program, the hospital terminated the Plaintiff's employment contract.

## ANALYSIS

The Plaintiff has asserted four causes of action, one styled as three separate claims all related to an alleged Civil Rights violation under 42 U.S.C. §§ 1981–1982 & 1985 (1981). Defendant seeks to dismiss Count I, which is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant correctly points out that in order to raise a disparate treatment case, a discharged employee must prove that the employer intended to discriminate against this particular employee. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Moreover, the employee must also show that this discriminatory animus more likely than not motivated the employer's conduct. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06, 93 S.Ct. 1817, 1825–26, 36 L.Ed.2d 668 (1973).

Although the complaint is somewhat inartfully drafted with respect to making specific allegations of intent and improper motive, this Court still finds that the complaint contains sufficient allegations of intentionally discriminatory animus to withstand this motion to dismiss. Moreover, it appears as though the Plaintiff is travelling under a disparate impact theory as well, such that it is possible that the Plaintiff hopes to show that the differences in treatment accorded two similarly situated groups gives rise to an inference of an improper motive influencing the employer's firing decision. The Federal Rules of Civil Procedure contemplate that pleadings are to be liberally construed and that a plaintiff is not required to reach a level of technical exactness in drafting the complaint. *Jenkins v. Fidelity Bank*, 365 F.Supp. 1391, 1398 (E.D.Pa.1973). In drafting a complaint, "it is sufficient if it shows that the Plaintiff is entitled to any relief which the court can grant, regardless of

whether it asks for the proper relief." *Dotschay v. National Mut. Ins. Co.*, 246 F.2d 221 (5th Cir.1957), *cited in Jenkins*, 365 F.Supp. at 1398. The motion to dismiss the unlawful discharge claim is DENIED.

■ Defendant petitions this Court to dismiss the second count of the complaint because in the Defendant's reading of 42 U.S.C. § 1981 (1981), the statute, which ensures that protected rights be enjoyed equally among all persons regardless of color, only applies to racial discrimination and not to discriminatory claims based on national origin. It is true that the Plaintiff has alleged discriminatory treatment resulting from her national origin, but the Defendant is not correct in reading the statute in a way that absolves such claims from coverage under § 1981. In fact, the case law is clear that the statute is not limited to racial discrimination, but also extends to discrimination practiced against national origin as well. *Budinsky v. Corning Glass Works*, 425 F.Supp. 786, 788 (W.D.Pa.1977) (citing *Maldonado v. Broadcast Plaza, Inc.*, 10 FEP Cases 839 (D.Conn.1974) [Available on WESTLAW, DCT database]; *Miranda v. Clothing Workers, Local 208*, 10 FEP Cases 557 (D.N.J.1971)). The motion to dismiss the § 1981 theory of liability is DENIED.

■ Similarly, the Defendant challenges whether the Defendant can assert a good claim for relief under § 1982 of the same title. That statute guarantees all citizens the right to lease or sell personal property under the same privileges and opportunities as that which a white person would enjoy under the same circumstances. 42 U.S.C. § 1982 (1981). Defendant correctly relies on cases showing that a court can apply this statute only to situation where a Plaintiff is complaining about discrimination that prevented the enjoyment of valuable property rights, standing apart from an employment discrimination claim. *Evans v. Meadow Steel Products, Inc.*, 572 F.Supp. 250, 253 (N.D.Ga.1983); *Johnson v. Duval County Teachers Credit Union*, 507 F.Supp. 307, 310 (M.D.Fla.1980). This Court is persuaded that in meeting the dictates of this section, the Plaintiff would have to allege that the Defendant acted not only improperly as her employer, but that the discrimination was also based on an impermissible racial component as well. Only then could this Court allow the § 1982 to go forward. *Cf. Patel v. Holley House Motels*, 483 F.Supp. 374, 381–83 (S.D.Ala.1979). Accordingly, this Court will grant the Plaintiff leave to amend to restate this claim, if possible, in a way that removes its reliance on employment discrimination as the primary claim for relief. The motion to dismiss on this issue is at this time held in abeyance until such time as the Plaintiff can show that the § 1982 claim is supported under existing law. The Plaintiff shall amend the complaint on this count, or abandon this claim entirely, within (40) forty days from the signing of this Order.

■ Defendant's attempt to dismiss the § 1985 allegation is GRANTED. Plaintiff has essentially joined in agreement with Defendant's contention that the definition of conspiracy requires the participation of more than one actor. *Francis-Sobel v. University of Maine*, 597 F.2d 15, 17 (1st Cir.), *cert. denied*, 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir.1964). There is no dispute that this case does not involve a concert of actors. Furthermore, the case law is well settled that there can be no conspiracy within an organization when two or more individuals collectively reach independent decisions relating to discharge. *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972).

■ This Court GRANTS the Defendant's motion with respect to the Plaintiff's Fair Housing Claim pursuant to 42 U.S.C. § 3601. Plaintiff has not stated a cause of action under existing law. To begin with, the statute is clear that an aggrieved party should first file a complaint with the Secretary before seeking relief in federal district court. Second, there is a statute of limitations for filing a housing discrimination claim which the Plaintiff has already exceeded in this case. Finally, and perhaps most significant, the statute contemplates

that a Plaintiff not seek civil relief in federal district court if state fair housing law provides substantially similar rights and remedies. 42 U.S.C. § 3610(d) (1981). Florida does in fact offer similar relief for an aggrieved party. Fla.Stat. §§ 760.23 & 760.34 (West 1986).

■ This Court DISMISSES the Plaintiff's fourth amendment claim. Plaintiff essentially argues that there is a right to a private cause of action for constitutional violations committed by private employers. A private employer cannot violate the fourth amendment against a private citizen in the same way as could an individual federal official. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Plaintiff now appears to concur in this interpretation of constitutional law that any privacy abuses she may have experienced are not remediable under the fourth amendment if asserted against a private employer.