Rose Lee **ROLLE**, on behalf of herself and all other persons similarly situated and John McTighe, applicant for intervention, Plaintiffs,

v.

**NEW YORK CITY HOUSING AUTHORITY**, Ira S. Robbins, individually and as a Member of the New York City Housing Authority, Simeon Golar, individually and as a Member of the New York City Housing Authority and Albert A. Walsh, individually and as Chairman and Member of the New York City Housing Authority, Defendants.

No. 67 Civ. 4306.

United States District Court
S. D. New York.

Jan. 2, 1969.

Harold J. Rothwax, New York City, for plaintiff and applicant for intervention; Nancy E. LeBlanc and Michael B. Rosen, New York City, of counsel.

Harry Levy, New York City, for defendants; Harold Weintraub and Aaron Kohn, New York City, of counsel.

MANSFIELD, District Judge.

Applicant, a tenant in a public housing project, seeks to intervene in a class action initiated by another tenant, Mrs. Rolle, to challenge the practices and procedures of defendant New York City Housing Authority ("Authority") with respect to its termination of tenancies in public housing on grounds of "non-desirability".

Mrs. Rolle's claim is that action taken by the Authority to terminate her tenancy constituted a denial of due process in that there was not adequate advance notice of the charges against her; there was no provision for a stenographic transcript of her appearance before the Tenant Review Board; there was no opportunity to confront and cross-examine persons with actual knowledge of the charges, and the Tenant Review Board itself was not an impartial body. In addition, she claims that the Authority's procedures are constitutionally defective because the regulations and rules governing the hearings, and the standards applied, are not made available, there are no provisions for inspection of relevant documents, there are no written decisions with findings of fact and a statement of reasons for the decision, and there is no access to prior decisions. Although she attacks the Authority's hearing procedure, Mrs. Rolle never in fact participated in a hearing before the Tenant Review Board; she refused to go forward with the hearing when the Board denied her requests for procedures which would correct the alleged defects enumerated above.

The reason given for the action of the Authority with respect to Mrs. Rolle was: "Record of anti-social activities and arrests of your son, Fred, Jr., constituting a threat to the peace and safety of the community." Due to the pendency of this lawsuit, Mrs. Rolle has not received any notice of termination of her eligibility for public housing. On October 31, 1968 Judge Ryan of this Court issued an order dismissing plaintiff's complaint; judgment was entered on November 1, and on November 27 plaintiff's notice of appeal was filed.

The applicant for intervention is one John McTighe, who, like Mrs. Rolle, is presently a tenant in public housing in New York City. Unlike Mrs. Rolle, however, Mr. McTighe has appeared before the Tenant Review Board and has received notice that his eligibility for public housing has been terminated. In his case the reason given for termination of eligibility was "Record of disruptive activities, constituting a threat to the peace and safety of other tenants, and an adverse influence on sound family living." The Authority has commenced a sum-

mary proceeding in the Civil Court of the City of New York for possession of the apartment in which Mr. McTighe resides. That action has not yet come to trial.

Applicant asserts that he is entitled to intervene as of right as a person who "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 24(a), F.R.Civ.P. In the alternative, he asserts that he is entitled to permissive intervention as a person whose "claim or defense and the main action have a question of law or fact in common." Rule 24(b), F.R.C.P.

■ The appeal from Judge Ryan's dismissal of the *Rolle* action raises the threshold question whether intervention can or should be granted in an action in such a posture. The general rule is that the filing of a notice of appeal terminates the jurisdiction of the district court except with respect to those matters in which jurisdiction is reserved by statute or rules. Elgen Manufacturing Corp. v. Ventfabrics, Inc., 314 F.2d 440 (5th Cir. 1963).* Application of the general rule here would oust the Court of jurisdiction to determine the instant motion in the absence of an authorization from the Court of Appeals. United States v. Radice, 40 F.2d 445 (2d Cir. 1930); Moore's Federal Practice, Vol. IX, ¶ 73.-13, p. 3210.

■■ Applicant cites Hobson v. Hansen, 44 F.R.D. 18 (D.D.C.1968) for the proposition that the district court does

not lack jurisdiction to determine a motion to intervene after a notice of appeal was filed. In that case, however, the Court of Appeals for the D. C. Circuit had directed the district court to decide the motion, and the district judge (Circuit Judge Wright sitting by designation pursuant to 28 U.S.C. § 291(c)) stated that prior to such mandate the district court was without jurisdiction to decide the motion in the absence of such a remand. 44 F.R.D. at 21. Furthermore, in Hobson v. Hansen the applicants for intervention were the only parties who had filed a notice of appeal; if their application had been denied no appeal could have been taken. Similarly, in American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 3 F.R.D. 162 (S.D.N.Y.1942), a motion to intervene in a class action was granted after the notice of appeal had been filed but before the record had been docketed, where the plaintiff who filed the notice subsequently settled his claim. Again, in that case there would have been no prosecution of the appeal if the motion had not been granted. In both cases, therefore, an exception was permitted for the reason that no appeal would otherwise have existed and the district court's decision was necessary to preserve the appeal. 9 Moore, Federal Practice 3210 (1968). There is no contention here, however, that Mrs. Rolle is not going to prosecute the appeal. It therefore appears that a valid and timely appeal having been taken, this Court is without jurisdiction to grant applicant's motion in the absence of a remand of the question from the Court of Appeals. In accordance with the procedure approved by the Court of Appeals for the

---

* It is true that in the case of Ryan v. United States Lines Co., 303 F.2d 430 (2d Cir. 1962), the Court stated in a footnote that:

"In this case the record had already been filed and the appeal docketed. We need not pass upon the question whether the district court loses jurisdiction at some earlier time, as when the notice of appeal is filed." 303 F.2d at 434, n. 1.

In a more recent case, however, Judge Friendly, without referring to the dicta in *Ryan*, stated that the district court lost jurisdiction when the notice of appeal was filed. Weiss v. Hunna, 312 F.2d 711 (2d Cir. 1963), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), rehearing denied, 375 U.S. 874, 84 S.Ct. 37, 11 L.Ed.2d 104 (1963).

Second Circuit with respect to motions brought under Rule 60(b), F.R.C.P., after appeal has been taken, however, and in order to facilitate efficient consideration of the matter by the Court of Appeals, this Court will indicate what its decision on the motion to intervene would be if it had jurisdiction. Ryan v. United States Lines Co., 303 F.2d 430 (2d Cir. 1962).

We conclude that applicant is not entitled to intervention as of right under Rule 24(a). Even construing that section liberally, see Cascade Natural Gas Corporation v. El Paso Natural Gas Co., 386 U.S. 129, 133–134, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), applicant fails to claim "an interest relating to the property or transaction which is the subject of the [Rolle] action". Judge Ryan's opinion, and a comparison of applicant's and Mrs. Rolle's claims, while revealing some common issues, disclose substantial differences in the factual and legal interests of the two claimants (see infra p. 577). If the Court of Appeals affirms Judge Ryan's decision in *Rolle,* applicant's claims will not be bound thereby, except to the extent that the decision may be relevant as a legal precedent in this Court's consideration of applicant's claims. Fox v. Glickman Corp., 355 F.2d 161, 163 (2d Cir. 1965) ; Bodkin v. United States, 266 F.2d 55 (2d Cir. 1959) ; In re Advocate, 140 F.2d 783 (2d Cir. 1944) ; see Fox Publishing Co. v. United States, 366 U.S. 683, 694–695, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). If, on the other hand, the Court of Appeals holds that the *Rolle* suit is a class action, intervention as of right is not called for unless applicant's interest may be impaired or impeded and be prejudiced by inadequate representation. No such showing is made here. On the contrary, any interest applicant might have appears to be adequately protected and represented. Mrs. Rolle is represented by the same counsel who represents applicant. Applicant's only claim of inadequate representation is that he "faces eviction from public housing and there is little likelihood that the plaintiff's [Mrs. Rolle's]

claims will be adjudicated prior to the time when the intervenor would face a final order of eviction." The threat of eviction, however, has nothing to do with the adequacy of his representation. Intervention would not entitle applicant to a stay of eviction. Indeed, no such stay has been ordered as to any of the parties. Any deferment of adverse action against Mrs. Rolle or applicant by the Authority is, at this stage of the litigation, solely within the discretion of the Authority. It is, therefore, apparent that applicant's claim of inadequate representation is illusory and that he is not entitled to intervention as of right under Rule 24(a).

Intervention may, in the Court's discretion, be permitted under Rule 24(b) "when an applicant's claim or defense and the main action have a question of law or fact in common." Although it is true that the broadly stated claims of Mrs. Rolle and applicant are similar, and in some respects identical, the factual and legal posture of the two cases appears to be substantially different. The nature of the charges made against Mrs. Rolle and Mr. McTighe are different, and it is, therefore, likely that some different regulations were applicable to each case. The Authority may have a defense available against Mrs. Rolle, who has not undertaken to appear before the Tenant Review Board, which it would not have against Mr. McTighe who has apparently exhausted his administrative remedies before the Authority. Mr. McTighe is a defendant in a state court action in which precisely the same issues he seeks to raise here could presumably be asserted as a defense; Mrs. Rolle is involved in no such action. In light of these substantial differences between the two cases, the common questions of law which may be involved under the broad constitutional claims asserted do not persuade us as being sufficient to require exercise of discretion in favor of granting leave to intervene. See Lipsett v. United States, 359 F.2d 956 (2d Cir. 1966) ; Fox v. Glickman Corp., 355 F.2d 161, 165 (2d Cir. 1965), cert. denied, Levy v. Glickman Corp., 384 U.S.

960, 86 S.Ct. 1585, 16 L.Ed.2d 672 (1966).

This conclusion is buttressed by the fact that the main action here is currently at the appeal stage. If intervention were granted the Court of Appeals would be faced with the necessity of considering factual and legal matters not considered by the trial court. See Lipsett v. United States, supra, 359 F.2d p. 959; Morin v. City of Stuart, 112 F.2d 585 (5th Cir. 1939); 4 Moore, Federal Practice § 24.13, p. 99 (2d ed.). Applicant has shown no necessity for the injection of these confusing elements into the case on appeal. If the Court of Appeals decides in plaintiff's favor and the entire case is remanded to the district court for further proceedings, a reconsideration of the application for intervention may be appropriate, but at this point we must deny the motion. In the meantime, denial of intervention works no prejudice upon applicant, who remains free to prosecute his independent suit and, if unsuccessful in this Court, to appeal. Oppenheimer v. F. J. Young & Co., 144 F.2d 387 (2d Cir. 1944).

So ordered.