ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA, a nonprofit corporation, Engineering Contractors Association, a nonprofit corporation, American Subcontractors Association, a nonprofit corporation, Los Angeles County Chapter, National Electrical Contractors Association, Inc., a nonprofit corporation, Steve P. Rados, Inc., a corporation, Griffith Company, a corporation, Gordon H. Ball, Inc., a corporation, Stoddard Enterprises, a sole proprietorship, and Granite Construction Company, a corporation, Plaintiffs,

v.

SECRETARY OF COMMERCE OF THE UNITED STATES DEPARTMENT OF COMMERCE, U. S. Department of Commerce, Los Angeles County, a body corporate and politic, Los Angeles County Board of Supervisors, Los Angeles Flood Control District, Los Angeles County Engineer, Facilities Department of Los Angeles County, City of Los Angeles, a Municipal Corporation, Los Angeles City Council, Department of Recreation and Parks of the City of Los Angeles, Department of Public Works of the City of Los Angeles, Defendants.

Civ. No. 77–3738–AAH.

United States District Court,
C. D. California.

Dec. 15, 1977.

Sandra R. Johnson, Pacific Legal Foundation, and Lawrence H. Kay, Associated Gen. Contractors of Cal., Sacramento, Cal., for plaintiffs.

Peter H. Kane, Asst. U. S. Atty., Los Angeles, Cal., for federal defendants, Secretary of Commerce of the U. S. and Dept. of Commerce.

Richard L. Landes, Deputy County Counsel, Los Angeles, Cal., for county defendants, Los Angeles County, Los Angeles County Bd. of Sup'rs, Los Angeles Flood Control Dist., Los Angeles County Engineer, and the Facilities Dept. of Los Angeles County.

John F. Haggerty, Asst. City Atty., Los Angeles, Cal., for city defendants, City of Los Angeles, Los Angeles City Council, Dept. of Recreation and Parks of the City of Los Angeles, and Dept. of Public Works of the City of Los Angeles.

Charles B. Johnson, Pasadena, Cal., for proposed intervenors, Charles Armistead, Marion Hill, Leo Webb, Rudolpho A. Trujillo, Harold W. Johnson, American Ass'n of Spanish Speaking Certified Public Accountants, and Black Businessmen's Ass'n of Los Angeles.

Hairston, Webster & Johnson by John H. Sandoz, and Irma J. Brown, Los Angeles, Cal., for proposed intervenor, NAACP.

HAUK, District Judge.

This matter involves further proceedings in the case of *Associated General Contractors of California, et al. v. Secretary of Commerce, et al.* See 441 F.Supp. 955 (C.D. Cal.1977). The motions before the Court raise jurisdictional and procedural issues.

On October 5, 1977, the plaintiffs, four nonprofit unincorporated contractors' associations and five businesses engaged in general contracting work, filed a complaint for declaratory and injunctive relief alleging the unconstitutionality of section 103(f)(2) of the Public Works Employment Act of 1977, Pub.L. No. 95–28, 91 Stat. 116, 42 U.S.C. § 6705(f)(2). Section 103(f)(2) of the Act requires that ten percent of the amount of each federal grant applied for under the local public works program be expended for "minority business enterprises." The plaintiffs alleged that this provision violated their constitutional right to equal protection as well as Title VI of the Civil Rights Act of 1964. They sought declaratory relief, a temporary restraining order against compliance with the Act, an order to show cause why a preliminary injunction should not issue, and a permanent injunction against compliance with the minority business enterprise provision of the Act.

On October 6, 1977, this Court held a hearing on the motion for a temporary restraining order, issued the temporary restraining order, and ordered it extended for an additional ten days. On October 31, 1977, the Court held a hearing on the parties' cross motions for summary judgment. At that time, after a full hearing, the Court held the ten percent race quota of the PWE Act was an invidious discrimination which violated the Fifth Amendment protections of the United States Constitution and Sections 601 and 602 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and § 2000d–1. The Court granted the plaintiffs' motion for summary judgment, granted them declaratory relief, and enjoined further compliance with the ten percent race quota. The injunction issued by the Court applied prospectively only and only in connection with public works program grants in the Los Angeles area.

On November 14, 1977, Charles Armistead, a licensed plumbing contractor, and Marion Hill, a licensed refrigerator and air conditioning contractor, both of whom as blacks could benefit from the continuation of the minority business enterprise provisions, jointly moved the Court for intervention of right in order to file an answer and move for a new trial as defendants in the case. These proposed intervenors argued that they have a substantial interest in this litigation; that the representation by the original defendants was inadequate; that they are bound by the judgment; that their interests and the main action have common questions of law and fact; and that inter-

vention will not prejudice the rights of the original parties.[1] On November 25, 1977, an amendment to this motion, attempting to add several additional intervenors in the action, was filed.

On November 25, 1977, the Los Angeles branch of the National Association for the Advancement of Colored People (NAACP) similarly moved this Court for leave to intervene as a defendant in this case. The NAACP motion also alleged that the NAACP had an interest in the subject matter of the case; that the Court's disposition

of the case impaired its ability to protect that interest; and that the original defendants did not adequately defend the action.[2]

The plaintiffs opposed both motions to intervene.[3] All of the aforesaid motions for intervention were set for hearing on December 12, 1977.

On December 1, 1977, the City of Los Angeles and its agencies, one of the original groups of defendants in the action, filed a notice of appeal to the United States Supreme Court pursuant to 28 U.S.C. § 1252.[4]

1. In connection with their alleged interest in the litigation, Mr. Armistead and Mr. Hill submitted affidavits narrating the adverse effect of the November 2, 1977 judgment on their businesses.

In connection with the alleged inadequate representation by the original defendants, the position of Armistead and Hill is contained in their points and authorities supporting their motion to intervene:

The named defendants could care less about the outcome of the legal action in that they stood to loose [sic] nothing. The moneys flow whether it goes entirely to nonminoritie [sic] or not. This might explain why no move has as yet been taken to review the granting of the summary judgment, no motion for new trial has been requested. This of course shows that the named defendants will not adequately defend the rights of the intervenors. Although the appeal period has not run, it is unlikely, with nothing really to loose [sic] the present defendants do not intend to proceed further in this matter.

Points and Authorities In Support of Motion to Intervene, at page 3, line 19—page 4, line 2.

2. It is unclear from the pleadings submitted by the NAACP whether it seeks intervention of right under rule 24(a) or permissive intervention under rule 24(b). On the one hand, the "Motion to Intervene As a Defendant" states that "the applicant requests permissive intervention pursuant to Federal Rules of Civil Procedure No. 24(b)." On the other hand, the NAACP's "Points and Authorities In Support Of Motion to Intervene For Purpose of Filing An Answer, Making A Motion For New Trial And/Or Appeal" argue for a right of intervention under rule 24(a) and do not discuss permissive intervention. Because courts treat the timeliness requirement of rule 24(a) and (b) with greater leniency under rule 24(a), see text *infra*, the Court will treat the motion as a motion for intervention of right under rule 24(a).

3. In addition to arguing that the motions to intervene were not timely, the plaintiffs contended that the proposed intervenors were im-

proper intervenors because they were not affected by the Court's ruling. In addition, the plaintiff responded to the NAACP motion by asserting that the original defendants had adequately represented the interests, if any, of the proposed intervenors.

The plaintiffs also opposed the amendments to the motion for intervention by Armistead and Hill. The plaintiffs' primary argument in opposition to the amendments is that rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading, without leave of Court or written consent of the opposing party, only before a responding pleading is filed; that the plaintiffs had already filed a pleading responding to the motion to intervene; and that the moving and amending party had not obtained leave of Court or the consent of the opposing party. Therefore, plaintiffs argued, these amendments should not be allowed. The Court's disposition of the case on jurisdictional grounds renders it unnecessary to rule on this issue.

The plaintiffs have also argued that the motion for a new trial was not filed within the time limits of rule 59(b) of the Federal Rules of Civil Procedure. The Court expresses no view on this issue.

4. § 1252. *Direct appeals from decisions invalidating Acts of Congress*

Any party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam and the District Court of the Virgin Islands and any court of record of Puerto Rico, holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party.

A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as

On December 2, 1977, the Federal defendants and the County of Los Angeles defendants also filed notices of appeal under the same statutory provision.[5] Each defendant based its appeal on the claimed invalidity and illegality of the Court's ruling that the ten percent race quota provision was unconstitutional and violative of Title VI. In addition, on December 2, 1977, the plaintiffs in the action also appealed, contending that the injunction issued by the Court should have applied retroactively as well as prospectively.

Because this Court now lacks jurisdiction in the case, the Court cannot grant the motions to intervene and must order them denied. The Court also notes that, even if it had jurisdiction to rule on the motions, it would have denied them as being untimely within the meaning of rule 24 of the Federal Rules of Civil Procedure. This disposition of the motions makes it unnecessary for the Court to rule on their merits.

### I. Jurisdiction

The first question confronting the Court is whether, in the wake of the appeals by the parties to the United States Supreme Court under 28 U.S.C. § 1252, this Court retains any jurisdiction to hear the motions to intervene.

■ The basic general rule is that an appeal to a higher court ousts the jurisdiction of the lower court. *See Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883); *Draper v. Davis*, 102 U.S. 370, 26 L.Ed. 121 (1880); *United States v. Ellenbogen*, 390 F.2d 537 (2d Cir. 1968); *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952) (per curiam); *Miller v. United States*, 114 F.2d 267, 268–69 (7th Cir. 1940).

■ The same general rule applies in the context of a District Court's jurisdiction to grant a motion to intervene after an appeal has been taken. *Rolle v. New York City Housing Authority*, 294 F.Supp. 574 (S.D.N.Y.1969); 3B Moore's Federal Practice ¶ 24.-13[1], at 24–528 ("The trial court may not allow intervention after an appeal has been taken.").

In the *Rolle* case, which involved a post-judgment motion to intervene, the Court stated the general rule as follows:

> The general rule is that the filing of a notice of appeal terminates the jurisdiction of the district court except with respect to those matters in which jurisdiction is reserved by statute or rules.

294 F.Supp. at 576. *See also Elgen Mfg. Corp. v. VentFabrics, Inc.*, 314 F.2d 440, 444–45 (7th Cir. 1963). The Court found in *Rolle* that the general rule was appropriate in the situation of a motion to intervene filed after an appeal had been taken and decided that the Court did not have the jurisdiction to grant the motion because the appeal had been filed.

■ Various decisions interpreting differing rules have concerned themselves with the question of when an appeal has been "taken." *See United States v. Ellenbogen*, 390 F.2d 537 (2d Cir. 1968); *Weiss v. Hunna*, 312 F.2d 711 (2d Cir. 1963), *cert. denied*, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), *rehearing denied*, 375 U.S. 874, 84 S.Ct. 37, 11 L.Ed.2d 104 (1963); *Ryan v. United States*, 303 F.2d 430, 434 n. 1 (2d Cir. 1962); *Miller v. United States*, 114 F.2d 267, 268–69 (7th Cir. 1940); *United States v. Radice*, 40 F.2d 445, 446 (2d Cir. 1930); *American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.*, 3 F.R.D. 162 (S.D.N.Y.1942). In the case of

---

taken directly to the Supreme Court. June 25, 1948, c. 646, 62 Stat. 928; Oct. 31, 1951, c. 655, § 47, 65 Stat. 726; July 7, 1958, Pub.L. 85–508, § 12(e), (f), 72 Stat. 348; Mar. 18, 1959, Pub.L. 86–3, § 14(a), 73 Stat. 10.

**5.** It should be noted that Ms. Deborah Seymour, attorney for the Employment Section of the United States Department of Justice, who represented the Federal defendants in this case, wrote a letter to this Court on November 15,

1977, stating her views on the status of the final $2 billion authorized and appropriated under the PWE Act. In a letter dated November 28, 1977, the Court responded to Ms. Seymour's letter. The Court informed Ms. Seymour that her letter had been treated as a motion for rehearing and, as such, had been denied. The Court issued a minute order to that effect on November 28, 1977.

an appeal to the Supreme Court, however, the rule is certain. An appeal to the Supreme Court from a District Court is deemed taken when the notice of appeal is filed with the District Court Clerk. At that point, the Supreme Court takes jurisdiction over the matter. United States Supreme Court Rule 10; *Schempp v. School District of Abington Township*, 184 F.Supp. 381 (E.D.Pa.1959), *vacated and remanded on other grounds*, 364 U.S. 298, 81 S.Ct. 268, 5 L.Ed.2d 89 (1960) (per curiam). *See also* United States Supreme Court Rules 11 and 13.

■ Since in this case notices of appeal have been filed, the Supreme Court has taken jurisdiction over the case. Consequently, this Court lacks jurisdiction to hear the motions for intervention.[6]

II. Timeliness of the Motions

Even if this Court had had jurisdiction to hear these motions, the Court would have denied the motions because they were not filed in a timely fashion as required by rule 24 of the Federal Rules of Civil Procedure.

■ Rule 24 of the Federal Rules of Civil Procedure details the procedures for obtaining intervention of right, rule 24(a), and permissive intervention, rule 24(b).[7] Under both subsections of rule 24, a party seeking intervention must make a "timely" application. Fed.R.Civ.P., rule 24(a) and (b); *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The rule does not state a precise time limit within which such a motion must be made. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). Rather, the decision as to whether a motion to intervene is timely under rule 24 lies within the discretion of the trial court. *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Johnson v. San Francisco Unified School District*, 500 F.2d 349, 354 n. 7 (9th Cir. 1974) (per curiam); *Tesseyman v. Fisher*, 231 F.2d 583, 584 (9th Cir. 1955).

■ Generally, a Court considering the timeliness of motions to intervene under rule 24 must consider all the circumstances of the case. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *United States v. Blue Chip Stamp Co.*, 272 F.Supp. 432, 436 (C.D.Cal.1967), *aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States*, 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781 (1968) (per curiam), *rehearing*

---

**6.** The proposed intervenors should perhaps seek permission to intervene from the United States Supreme Court or file amicus curiae briefs in the pending appeals.

**7.** *Rule 24.*

*Intervention*

*(a) Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*(b) Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

*(c) Procedure.* A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action to which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403.

*denied*, 390 U.S. 975, 88 S.Ct. 1026, 19 L.Ed.2d 1194 (1968). In addition, in cases of intervention of right, courts consider the circumstances regarding timeliness more liberally in order to protect the interests of the moving parties. *EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 949 (7th Cir. 1975); *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1072–73 (5th Cir. 1970). In the context of a postjudgment motion to intervene, however, federal cases interpreting the timeliness requirement of rule 24 have traditionally held, even in cases of intervention of right, that such motions will be granted only in very unusual circumstances. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970); *NLRB v. Shurtenda Steaks, Inc.*, 424 F.2d 192, 194–95 (10th Cir. 1970); *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 378–381, 408 F.2d 175, 181–82 (1969); *United States v. Blue Chip Stamp Co., supra*, 272 F.Supp. 432, 436. In such cases, motions for intervention at that stage of the proceeding are usually denied. *See* 3B Moore's Federal Practice ¶ 24.13[1], at 24–526; 7A C. Wright & A. Miller, Federal Practice and Procedure § 1916, at 580 (1972) and cases cited therein.

The basic rationale for this result was accurately set forth by Judge Ferguson in the *Blue Chip Stamp Company* case. In that case, Judge Ferguson wrote:

> The requirement of timeliness is not without foundation. The interest in expeditious administration of justice does not permit litigation interminably protracted through continuous reopening. A motion to intervene after entry of the decree should therefore be denied in other than the most unusual circumstances.

272 F.Supp. at 436.

■ Various courts have considered the types of unusual circumstances which justify the granting of a postjudgment motion to intervene. *E. g., Hodgson v. United Mine Workers of America*, 153 U.S.App.

D.C. 407, 416–419, 473 F.2d 118, 127–30 (1972) (problems remained to be resolved after judgment ordering dissolution of invalid trusteeships); *Atkins v. State Board of Education*, 418 F.2d 874, 876 (4th Cir. 1969) (per curiam) (lack of funds for counsel); *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 378–381, 408 F.2d 175, 181–82 (1969) (original parties had decided not to appeal). The proposed intervenors have not demonstrated any unusual circumstances justifying an exception from the longstanding, well-established rule.[8]

In addition, the motion to intervene is untimely for other reasons. In *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973), the Supreme Court, in deciding whether a trial court had abused its discretion in denying a postjudgment motion to intervene filed four days after entry of a judgment, considered many factors in ruling that the Court had not abused its discretion. *Id.* at 366–69, 93 S.Ct. 2591. Among these factors were the facts that the appellants knew or should have known of the pendency of the action because of a newspaper article discussing the suit; that community leaders had commented on the action; and that the membership and staff of the NAACP was large and astute. *Id.* at 366, 93 S.Ct. 2591. In the present case, the suit brought by the plaintiff Associated General Contractors attracted substantial publicity in the local newspapers. *E. g.*, Los Angeles Times, Oct. 6, 1977, § 1, at 3. Furthermore, the Court's issuance of the temporary restraining order on the next day attracted even wider attention. *E. g.*, Los Angeles Times, Oct. 7, 1977, § 2, at 1; Los Angeles Times, Oct. 8, 1977, § 1, at 26; Los Angeles Herald-Examiner, Oct. 7, 1977, at A–3; San Pedro News Pilot, Oct. 7, 1977, at A–1; Santa Monica Outlook, Oct. 11, 1977, at 8. In addition, community leaders in the area commented publicly on the case. *E. g.*, Los Angeles Daily Journal, Oct. 10,

---

**8.** In arguing that unusual circumstances were present in this case, the proposed intervenors, at least implicitly in their pleadings and explicitly at the hearing on these motions, basically argued that the minority contractors should be before the Court since their interests, rather than any interest of the original defendants, are primarily at stake. This argument begs the question of whether any unusual circumstances justified the granting of an untimely motion to intervene and goes rather to the merits of the dispute.

1977, § 1, at 1 (remarks of Los Angeles City Councilman Robert Farrell and Gil Archuletta, assistant chief legislative analyst for the City of Los Angeles). This publicity during the pendency of the action leads the Court to conclude, under the precedent of *NAACP v. New York, supra,* that the proposed intervenors, particularly the NAACP, knew or should have known of the pendency of the action and were able to and should have petitioned this Court to intervene at an earlier stage in the proceedings. *See also Iowa State University Research Foundation, Inc., v. Honeywell, Inc.,* 459 F.2d 447, 449 (8th Cir. 1972) (per curiam).

Therefore, considering all the circumstances regarding the motions to intervene, this Court concludes that the motion was not timely within the meaning of rule 24.

Authorities cited by the proposed intervenors do not persuade this Court to exercise its discretion otherwise. The memorandum supporting the motion of Armistead and Hill to intervene cites three cases in an attempt to persuade the Court to grant intervention to them. These cases are not persuasive authority in the context of the facts of this case. In the first case cited, *Johnson v. San Francisco Unified School District,* 500 F.2d 349 (9th Cir. 1974) (per curiam), the District Court had denied a postjudgment motion to intervene. On appeal the Court of Appeals did not reverse that decision, but vacated the decision of the trial court regarding desegregation for reconsideration on the merits. The Court of Appeals permitted postjudgment intervention only because it vacated the trial court judgment. 500 F.2d at 354. The second case cited, *Hodgson v. United Mine Workers of America,* 153 U.S.App.D.C. 407, 473 F.2d 118 (1972), is also distinguishable from this case. In *Hodgson,* the Court of Appeals for the District of Columbia Circuit held that:

Timeliness presents no automatic barrier to intervention in post-judgment proceedings where substantial problems in formulating relief remain to be resolved. 153 U.S.App.D.C. at 418, 473 F.2d at 129. In this case, however, no "substantial problems in formulating relief" exist. The Court's granting of the summary judgment settled all matters raised in the litigation. The third case cited in the Armistead and Hill memorandum, *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), does not support the position of the proposed intervenors either. In *Cascade,* the Supreme Court did not discuss timeliness. The Court did permit parties to intervene following the trial court's judgment, but the case is distinguishable because in *Cascade* further proceedings for divestiture were pending. 386 U.S. at 132–36, 87 S.Ct. 932. No such postjudgment proceedings are present in this case. Moreover, several Ninth Circuit opinions have stated that *Cascade* is not to be read as a "carte blanche" for intervention. *See Johnson v. San Francisco Unified School District,* 500 F.2d 349, 354 n. 8 (9th Cir. 1974); *Spangler v. Pasadena City Board of Education,* 427 F.2d 1352, 1354 n. 3 (9th Cir. 1970).

The memorandum submitted by the NAACP cites *Smuck v. Hobson,* 132 U.S. App.D.C. 372, 408 F.2d 175 (1969) as authority for the propriety of a postjudgment motion to intervene.[9] That case, however, involved a situation in which the original parties at trial had decided not to pursue an appeal. 132 U.S.App.D.C. at 375–379, 408 F.2d at 178–82. In this case, of course, the original defendants have all filed notices of appeal to the Supreme Court.

 All the proposed intervenors also argue that prejudice to the original parties is the key factor in determining whether a motion for intervention of right is timely and that the original parties in this case

**9.** Presumably, the NAACP cites this school desegregation case for its discussion regarding the parents' motion to intervene. The case also involved a postjudgment motion to intervene filed by the former Superintendent of Schools for the school district in question, who, in his official capacity, had been a party to the case. Without ruling on the timeliness of the motion, the Court denied his motion because he no longer had any interest in the subject matter of the dispute. 132 U.S.App.D.C. at 374–375, 408 F.2d at 177–78.

will not be prejudiced by their intervention.[10] The Court recognizes that courts have considered prejudice to the original parties to be an important factor in deciding the timeliness question. *E. g., Hodgson v. United Mine Workers of America*, 153 U.S.App.D.C. 407, 418, 473 F.2d 118, 129 (1972); *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970). The concept of prejudice to the original parties in this context, however, encompasses prejudice not only to the original parties' substantive legal rights, but also to their right to proceed without delay. *See EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 950 (7th Cir. 1975) (denial of motion to intervene by District Court on grounds that original parties would be prejudiced by delay in trial affirmed); *Johnson v. San Francisco Unified School District*, 500 F.2d 349, 354 (9th Cir. 1974).[11] In this case, since the case has already been finally decided in this Court, the granting of the motion to intervene would, under the concept of prejudice expressed in the *EEOC* and *Johnson* cases, *supra*, prejudice the original plaintiffs.

## ORDER

Based upon the foregoing decision, and the Court finding and being convinced under the law that it lacks jurisdiction, and further that even assuming that the Court had jurisdiction, the motions to intervene are untimely under rule 24 of the Federal Rules of Civil Procedure, the Court hereby denies each and all motions to intervene. The Clerk shall effect service forthwith on counsel for all parties.

---

10. The Federal defendants in the case noticed their lack of opposition to all the motions to intervene. They therefore could not be considered to be prejudiced by intervention.

11. The *McDonald* case did consider the question of prejudice in the context of a postjudgment motion to intervene and did permit post-judgment intervention. 430 F.2d at 1072–74. That case is distinguishable from the instant case on two grounds, however. First, the intervenors in *McDonald* sought intervention only for the purpose of staking a claim to funds which had not yet been distributed, rather than to relitigate a prejudgment issue in that case. *Id.* at 1072, 1073. In this case, the proposed intervenors wish to relitigate the same issues raised during the original proceedings. Second, the motion to intervene in *McDonald* was filed one day after judgment. *Id.* at 1066. In this case, the motions were filed approximately two weeks after judgment.