**THWAITES PLACE ASSOCIATES, Petitioner,**

**v.**

**SECRETARY OF the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.**

**665 Thwaites Place Tenants Association, Inc., Proposed Intervenor.**

**No. 86 Civ. 2177 (RWS).**

United States District Court, S.D. New York.

Sept. 22, 1986.

## MEMORANDUM OPINION

SWEET, District Judge.

665 Thwaites Place Tenants Association, Inc., Proposed Intervenor, has moved in this case for an order granting it intervention of right under Fed.R.Civ.P. 24(a)(2) or, in the alternative, for an order granting it permissive intervention under Fed.R.Civ.P. 24(b)(2). For the following reasons, the motion to intervene is denied.

The present action came to this court by petition for removal from the Supreme Court of New York, Bronx County, filed March 13, 1986. On July 17, 1986 judgment was entered granting respondent's motion for summary judgment and dismissing the action. Petitioner filed a notice of appeal in the Court of Appeals for the Second Circuit, and on August 21 the record of appeal was transmitted to the Court of Appeals. As of September 2, 1986, petitioner has served and filed its appendix and brief. The argument of the appeal is scheduled for the week of October 3, 1986.

Although intervention after entry of judgment is not *per se* untimely within the meaning of Fed.R.Civ.P. 24(a)(2) and 24(b)(2), *see, e.g., Crown Financial Corp. v. Winthrop Lawrence Corp.*, 531 F.2d 76 (2d Cir.1976), the filing of a notice of appeal transfers jurisdiction of all matters pertaining to the appeal to the Court of Appeals. *See Rolle v. New York City Housing Authority*, 294 F.Supp. 574, 576

(S.D.N.Y.1969); *see also United States v. Radice*, 40 F.2d 445 (2d Cir.1930) (appeal already argued). Although exceptions have been made when no appeal would otherwise exist, *see Rolle v. New York City Housing Authority*, 294 F.Supp. 574, 576, in this case petitioner is actively pursuing its appeal. It has already filed its brief and argument is scheduled. While a proposed intervenor can move during pendency of an appeal to intervene in the Court of Appeals, *see Armstrong v. Board of Directors*, 471 F.Supp. 827, 27 Fed.Rules Serv.2d 1145 (E.D.Wis.1979), this court is without jurisdiction to entertain the motion.

Therefore, the motion is dismissed for lack of jurisdiction.

IT IS SO ORDERED.